UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

v.                          No. _____

CITY OF RIO RANCHO,
RIO RANCHO PUBLIC SCHOOLS,
RIO RANCHO POLICE DEPARTMENT,
CONNIE PETERSON, in her official and individual capacities,
LORENZO GREEN, in his official and individual capacities,
NOAH TRUJILLO, in his official and individual capacities,
BRANDON MAEZ, in his official and individual capacities,
ELLIANA LURY, in her official and individual capacities,
MATT GEISEL, in his official and individual capacities,
JOSH RUBIN, in his official and individual capacities,
LAWRENCE SAMUEL, in his official and individual capacities,
MIKE McDERMOTT, in his private capacity as 3rd party conspirator,
TORENZO JOHNSON, in his private capacity as 3rd party conspirator,
STEPHEN SMITH, in his private capacity as 3rd party conspirator,
THERESA SMITH, in her private capacity as 3rd party conspirator,
MELISSA MONTOYA, in her private capacity as 3rd party conspirator,
RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,
BIANCA FISHER, in her private capacity as 3rd party conspirator,
MICHAEL FISHER, in his private capacity as 3rd party conspirator,
BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,

    Defendants.

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441(a), 1331, 1446, and 1367(a) Defendants, The City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Lorenzo Green, Theresa Smith, Stephen Smith, and Torenzo Johnson ("Defendants") hereby remove this action from the State of New Mexico, Thirteenth Judicial District Court, County of Sandoval to the United States District Court for the District of New Mexico. This Court has federal question jurisdiction under 28 U.S.C.

§ 1331 because it has original jurisdiction over Plaintiff Jarrod Lowrey's claims for damages asserted for alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (2010), *et seq*. (Compl. 4-5.); for alleged violations of the First Amendment of the United States Constitution asserted through 42 U.S.C. § 1983 (1996) (Compl. 11-13.); and, for alleged violations of the Fourteenth Amendment of the United States Constitution asserted through 42 U.S.C. § 1983 (1996) (Compl. 16-17.)

## Background

1. Plaintiff commenced this action by filing a Complaint on July 28, 2025, in the State of New Mexico, Thirteenth Judicial District Court, County of Sandoval, styled *Jarrod Lowrey v. City of Rio Rancho*, *et al.*, D-506-CV-2025-1751. Under 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), the most recent version of the docket from the state court proceedings and a copy of all process, pleadings, and orders served upon defendants in the state court action are attached as **Exhibit A**.

2. All Defendants, with the possible exception of Defendant Theresa Smith, were served with process on or after July 30, 2025. *See* **Exhibit A**, Summons Returns, at pgs. 24-56.

3. Plaintiff's Complaint asserts Defendants, among other allegations and claims, unlawfully violated rights protected under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (2010), *et seq*. (Compl. 4-5.); the First Amendment of the United States Constitution (Compl. 11-13.); and, the Fourteenth Amendment of the United States Constitution (Compl. 16-17.)

4. Plaintiff further alleges Defendants, among other allegations and claims, unlawfully violated the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to 14-2-12 (2025); violated the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(F) (2024)

(Compl. 17.); infringed upon rights secured under Article II, Section 17 of the New Mexico Constitution (Compl. 7-11, 14.); infringed upon rights secured under Article II, Section 18 of the New Mexico Constitution (Compl. 14-15.); and asserts tort claims under New Mexico common law for malicious abuse of process, intentional infliction of emotional distress, and defamation. (Compl. 17-19.)

5. All of Plaintiff's claims derive from the same common nucleus of operative facts: alleged retaliation and discrimination by Defendants for Plaintiff's "engagement in constitutionally protected activities, including filing public records requests, making public criticisms of the City of Rio Rancho's youth basketball league, and seeking to expose discriminatory practices and misconduct within the league" that allegedly affected league participants including Plaintiff's son. (Compl. ¶¶ 1-2.)

6. In the Complaint, Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, and "all other remedies" available under various United States Statutes, New Mexico Statutes, and state law tort claims. (See, e.g., Compl. 5, 7, 8, 10-11, 14-19.)

## Venue

7. Plaintiff filed this action in the State of New Mexico, Thirteenth Judicial District Court, County of Sandoval. Venue is proper in the United States District Court for the District of New Mexico under 28 U.S.C. § 1441(a) because the District of New Mexico encompasses the county in which the state court action is pending.

## Consent to Removal

8. Attorneys for these Defendants have contacted all of the named Defendants or their attorneys to obtain their position as to removal. All named Defendants have consented to removal.

### Notice to Plaintiff

9. Concurrently with the filing of this Notice of Removal in this Court, Defendants will serve written notice of removal on Plaintiff and file a copy of this Notice of Removal with the Clerk of the State of New Mexico, Thirteenth Judicial District Court, County of Sandoval, as is required under 28 U.S.C. § 1446(d).

### Timeliness of Removal

10. This Notice of Removal is timely filed as is required under 28 U.S.C. § 1446(b)(1)(C) because it is being filed within thirty days of July 30, 2025, the earliest date upon which Plaintiff began serving Defendants were served with process.

### Grounds for Removal

11. In deciding whether an action arises under federal law, a court is guided generally by the well-pled complaint rule, which provides that "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996) (internal quotations and citation omitted).

12. It is undisputed the parties in this case are not diverse in their citizenship. Accordingly, this Court has subject matter jurisdiction of this case only if this action raises a federal question, that is, if this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13. Here, there is no question the United States District Court has original jurisdiction over Plaintiff's claims, as it is clear from the face of Plaintiff's Complaint he has alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (2010), *et seq*. (Compl. 4-5.); violations of the First Amendment of the United States Constitution asserted through 42 U.S.C. § 1983 (1996) (Compl. 11-13.); and, for violations of the Fourteenth Amendment of the United

States Constitution asserted through 42 U.S.C. § 1983 (1996) (Compl. 16-17.). *See* 28 U.S.C. § 1331; *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (stating that federal question exists when "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . [which in turn exists when] plaintiff's cause of action [is] created by federal law[.]" (internal quotation marks and citations omitted)).

14.     Moreover, the United States District Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. 1367(a) as Plaintiff's state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." For example, Plaintiff's claims brought under the New Mexico Civil Rights Act and Plaintiff's State law tort claims arise from the exact same facts and circumstances that form the basis of his allegations that Defendants violated his rights under the United States Constitution. Indeed, all of Plaintiff's claims arise from the same acts: alleged retaliation and discrimination by Defendants for Plaintiff's "engagement in constitutionally protected activities, including filing public records requests, making public criticisms of the City of Rio Rancho's youth basketball league, and seeking to expose discriminatory practices and misconduct within the league" that affected participants including Plaintiff's son. (Compl. ¶¶ 1-2.). Accordingly, there is no question Plaintiff's state law claims derive from the same common nucleus of operative facts as the federal law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (stating that if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole[.]").

15.     Under 28 U.S.C. § 1367(c), the United States District Court may only decline to exercise supplemental jurisdiction over the state law claims arising out of a common nucleus of

operative facts, as is the case here, if one of the listed conditions is met. *Mirzai v. State of New Mexico Gen. Servs. Dep't*, 506 F. Supp. 2d 767, 779 (D.N.M. 2007) ("Numerous courts have acknowledged that 28 U.S.C. § 1367(c) necessarily changed the district courts' supplemental jurisdiction discretion analysis, and that, unless one of the conditions of 28 U.S.C. § 1367(c) exists, courts are not free to decline jurisdiction.").

16.     Here, none of the conditions permitting the United States District Court to decline jurisdiction exist as Plaintiff's claims do not raise a novel or complex issue of State law, the state claims do not substantially predominate the federal claims, the United States District Court has not yet dismissed the federal law claims, and there are no exceptional circumstances compelling the United States District Court to decline supplement jurisdiction.

17.     In short, the United States District Court should exercise jurisdiction over all of the claims alleged in Plaintiff's Complaint because it is clear from the face of Plaintiff's Complaint Plaintiff is bringing claims for alleged violations of federal statutes and constitutional rights secured by operation of federal law and the state law claims contained in the Complaint all derive from a common nucleus of operative facts; namely, Plaintiff's "engagement in constitutionally protected activities, including filing public records request, making public criticisms of the City of Rio Rancho's youth basketball league, and seeking to expose discriminatory practices and misconduct within the league" that affected participants including Plaintiff's son. (Compl. ¶¶ 1-2.).

WHEREFORE, Defendants remove the above-styled action to this Court.

Respectfully submitted,


*/s/ James C. Wilkey*
James C. Wilkey
Jeannie Hunt
DIXON•SCHOLL•CARRILLO•P.A.
6700 Jefferson, NE
Building B, Suite 1
Albuquerque, New Mexico 87109
Phone: (505) 244-3890
Fax: (505) 244-3889
jwilkey@dsc-law.com
jhunt@dsc-law.com
*Attorneys for Defendants, The City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Lorenzo Green, Theresa Smith, Stephen Smith, and Torenzo Johnson*

I HEREBY CERTIFY that on the 29th day of August 2025, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and served this Notice of Removal by email to:

Jarrod Lowrey
P.O. Box #45424
Rio Rancho, NM 87174
jlowrey6886@hotmail.com
*Plaintiff, Pro Se*

Jason M. Burnette
Mia Chavez
German ● Burnette & Associates, LLC
11728 Linn Ave. NE
Albuquerque, NM 87123
jason@germanassociates.com
mia@germanassociates.com

Tina Taylor, Esq.
TAYLOR LAW, LLC
500 Marquette Ave. NW, Suite 1200
Albuquerque, NM 87102
tinaesq@ttaylorlaw.com

Matthew Spangler
Spangler Pacheco & Werbelow PA
PO Box 15698
Rio Rancho, NM 87174-0698
ms@lsplegal.com

Melissa Montoya
rosemontoya97@hotmail.com

Ana Kuny Slock
anakuny@gmail.com

Raquel DeTomasso
rlajeunesse@yahoo.com


*/s/ James C. Wilkey*
James C. Wilkey