IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

       **Plaintiff,**

    **vs.**                                      Civ. No. 25-849  JFR/LF

CITY OF RIO RANCHO,
RIO RANCHO PUBLIC SCHOOLS,
RIO RANCHO POLICE DEPARTMENT,
CONNIE PETERSON, in her official and individual capacities,
LORENZO GREEN, in his official and individual capacities,
NOAH TRUJILLO, in his official and individual capacities,
BRANDON MAEZ, in his official and individual capacities,
ELLIANA LURY, in her official and individual capacities,
MATT GEISEL, in his official and individual capacities,
JOSH RUBIN, in his official and individual capacities,
LAWRENCE SAMUEL, in his official and individual capacities,
MIKE McDERMOTT, in his private capacity as 3rd party conspirator,
TORENZO JOHNSON, in his private capacity as 3rd party conspirator,
STEPHEN SMITH, in his private capacity as 3rd party conspirator,
THERESA SMITH, in her private capacity as 3rd party conspirator,
MELISSA MONTOYA, in her private capacity as 3rd party conspirator,
ANA KUNY SLOCK, in her private capacity as 3rd party conspirator,
RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,
BIANCA FISHER, in her private capacity as 3rd party conspirator,
MICHAEL FISHER, in his private capacity as 3rd party conspirator,
BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,

       **Defendants.**

**ORDER DENYING EMERGENCY MOTION TO REMAND
AND ISSUING WARNING REGARDING POSSIBLE SANCTIONS[1]**

    **THIS MATTER** is before the Court on Plaintiff's Emergency Motion to Remand

("Motion"), filed September 8, 2025.  Doc. 16.  On September 22, 2025, Defendants Rio Rancho

Public Schools and Bobbie Martinez filed a Response.  Doc. 23.  On September 22, 2025,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case.  Doc. 37.

Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin,

Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury,

Theresa Smith, Stephen Smith, Torenzo Johnson, Bianca Fisher, Michael Fisher, Melissa

Montoya, Ana Kuny Slock, Raquel DeTomasso, and Michael McDermott filed a Response.

Doc. 24.  On October 6, 2025, Plaintiff filed a Reply.  Doc. 40.  After examining the arguments,

the record, and the relevant law, the Court finds that Plaintiff's request for remand is not well

taken and is **DENIED**.

## I.

### PROCEDURAL BACKGROUND

On July 28, 2025, Plaintiff Jarrod Lowrey, filed a Complaint in the Thirteenth Judicial

District Court, County of Sandoval, State of Mexico, against the City of Rio Rancho,

Rio Rancho Public Schools, Rio Rancho Police Department, and eighteen individuals in their

official, individual, private and/or third-party conspirator capacities.  Doc. 6 at 1-19.  Plaintiff's

Complaint is based on his and his son's participation in a fourth grade youth basketball program

in Rio Rancho, New Mexico.  *Id.*  Plaintiff brings nineteen claims against Defendants alleging

violations of the Individuals With Disabilities Act, the First Amendment of the United States

Constitution, the Fourteenth Amendment of the United States Constitution, the New Mexico

Human Rights Act, the New Mexico Civil Rights Act, the New Mexico Tort Claims Act, and

New Mexico common law.  *Id.*  On August 29, 2025, Defendants City of Rio Rancho,

Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel,

Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and

Torenzo Johnson filed a Notice of Removal based on Plaintiff's alleged violations of federal

statutes and the United States Constitution over which this Court has federal question jurisdiction

pursuant to 28 U.S.C. § 1331. Doc. 1. On August 29, 2025, Attorney James Wilkey filed an Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson. Doc. 3. On August 29, 2025, Attorney Jason Michael Burnette filed an Entry of Appearance on behalf of Defendants Rio Rancho Public Schools and Bobbie Martinez ("Rio Rancho School Defendants"). Doc. 4. On September 5, 2025, Attorney Wilkey entered an Amended Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, Torenzo Johnson, Raqueal DeTomasso, Bianca Fisher, Michael Fisher, Mike McDermott, and Melissa Montoya ("Rio Rancho City Defendants"). Doc. 7. On September 5, 2025, the Rio Rancho City Defendants filed a *Motion to Stay Discovery* and a *Motion to Dismiss for Failure to State a Claim and Qualified Immunity*. Docs. 8, 10. On September 5, 2025, the Rio Rancho School Defendants filed a *Motion to Dismiss Complaint* pursuant to Rule 12(b)(6). Doc. 9. On September 8, 2025, Plaintiff filed the *Emergency Motion to Remand* which is currently before the Court. Doc. 16. On September 18, 2025, the Rio Rancho School Defendants filed a Consent to Removal. Doc. 20.

## II.

## ARGUMENTS AND ANALYSIS

Plaintiff argues in his Motion that remand is warranted because (1) the Notice of Removal is defective; (2) his claims are best litigated in state court due to complex state law issues, local interests, and convenience of the parties; and (3) Plaintiff had motions pending in

state court before removal that are best resolved by the state court already familiar with his case and because their prompt resolution was improperly interrupted by removal.  Doc. 16 ay 5-18.

The Court addresses each in turn.

A.    <u>Notice of Removal</u>

Plaintiff first argues that the Notice of Removal is defective because it fails to satisfy the unanimity rule and because Attorney Wilkey failed to include copies of all process, pleadings, and orders served on Defendants when he filed the Notice of Removal.  Plaintiff argues that he served the first Defendants on July 30, 2025, thereby triggering the thirty-day period for removal under 28 U.S.C. § 1446(b)(1).  Doc. 16 at 1-2, 5-14.  Plaintiff argues that the deadline, therefore, for filing a valid notice of removal was August 29, 2025, and that Defendants "were required to have fully and correctly completed the removal process, including unanimous consent, proper signature, and filing of all state court documents" by that date.  *Id.* at 2.  Plaintiff asserts that Attorney James Wilkey filed a Notice of Removal on behalf of only thirteen of the twenty-one served Defendants.  *Id.*  Plaintiff argues that the eight other Defendants - which include Rio Rancho Public Schools, Bobbie Martinez, and at the time six unrepresented individual Defendants[2] - were entirely omitted from the Notice of Removal.  *Id.*  Plaintiff argues that although Attorney Wilkey asserts in the Notice of Removal that *all* Defendants or their counsel were contacted and consented to removal, Attorney Wilkey's assertion is unsupported because he lacked the authority to consent on behalf of Defendants he did not represent and because none of the omitted Defendants filed separate written notices of consent within the thirty-day period for removal as required by the unanimity rule.  *Id.*  Plaintiff additionally argues that although Attorney Wilkey subsequently filed in federal court copies of all process, pleadings, and orders

_____

[2] Attorney James Wilkey has since entered his appearance on their behalf.  Doc. 7.

served on Defendants in state court, he did so three days after the statutory deadline for removal had expired and that "these late corrections cannot retroactively cure an initial defect." *Id.*

Plaintiff bolsters his defective Notice of Removal argument by adding that the civil cover sheet attached with the Notice of Removal is incomplete, with sections three through eight left blank, indicating a "rushed and sloppy filing"; that the Notice of Filing Notice of Removal filed in state court failed to clearly and accurately reflect a complete federal removal because it lacked a federal case number adding to the confusion and procedural disarray; and that Attorney Wilkey acted in bad faith and procedural gamesmanship by waiting until the last possible day to remove, by improperly obtaining consents through undisclosed, coercive, and *ex parte* communications, and by excluding Plaintiff from consent communications thereby depriving him of due process. *Id.*

Defendants contend that they have met their burden to establish unanimity. Doc. 23 at 6-9, Doc. 24 at 5-18. The Rio Rancho School Defendants assert that they authorized counsel for the removing Defendants to file the Notice of Removal on their behalf. Doc. 23 at 7. Similarly, the Rio Rancho City Defendants assert that prior to removal, their counsel personally contacted each and every named Defendant in the case to obtain and confirm their consent to removal. Doc. 24 at 3. Defendants respectively discuss the relevant case law and acknowledge that judges within the District of New Mexico have reached different results regarding the form and time frame that consents must take when filing a Notice of Removal. *Id.* Defendants nonetheless contend that here the Notice of Removal is not ambiguous, it clearly reflects all of the Defendants consented to removal, and that Defendants made immediate and subsequent filings with this Court sufficient to demonstrate unanimity. Doc. 23 at 6-9, Doc. 24 at 5-18. Defendants request that the Court deny Plaintiff's requested relief. *Id.*

5

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction."  *Salzer v. SSM Health Care of Okla., Inc.,* 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)).  "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its existence.'"  *Id.* (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)); *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence.").

The federal removal statute, 28 U.S.C. § 1446, provides, in part, as follows:

**(a) Generally** – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)(A)**  When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446 (a), (b)(1) and (b)(2)(A).  A plaintiff may move to remand the case to state court on the basis of a defect in the removal process, including a failure of all defendants to consent to removal.  *Padilla v. Am. Modern Home Ins. Co.,* 282 F. Supp. 3d 1234, 1251-1254-55 (D. N.M. 2017).  The rule that all defendants must consent to removal "is commonly known as

6

the 'unanimity rule.'" *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (citing 28 U.S.C. § 1446(b)(1)).

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Tenth Circuit has resolved what form a served co-defendant's joinder or consent must take to satisfy the unanimity requirement where the co-defendant has not formally joined the Notice of Removal. Further, a split exists among other Circuit Courts of Appeals.

The Second, Fifth, and Seventh Circuits require each non-removing co-defendant to file a separate, written indication of consent. *See Pietrangelo v. Alvas Corp.,* 686 F.3d 62, 66 (2d Cir. 2012) (agreeing with the district court that the non-removing defendants must independently express their consent to removal); *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (finding each defendant must file timely written indication of consent); *Rode v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) (explaining that to join a motion is to support it in writing).

In contrast, the Fourth, Sixth, Eighth, and Ninth Circuits permit the removing defendant to unambiguously aver to the non-removing co-defendant's consent in the Notice of Removal signed pursuant to Rule 11. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1187 (8th Cir. 2015) ("We therefore hold that a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal."); *Mayo v. Bd. of Educ. of Prince George's Cnty.,* 713 F.3d 735, 741-42 (4th Cir. 2013) ("[W]e conclude that the filing of a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of

removal."); *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1224-25 (9th Cir. 2009)

("[W]e conclude that the filing of a notice of removal can be effective without individual consent

documents on behalf of each defendant.  One defendant's timely removal notice containing an

averment of the other defendants' consent and signed by an attorney of record is sufficient.");

*Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 201 (6th Cir. 2004) (same).

      In a November 2019 decision in this District, Senior District Judge Robert C. Brack

discussed the unanimity rule's purpose, history and operation.  *See Szuszalski v. Fields*, 2019 WL

5964602, *3-7  (D.N.M. 2019).  In that case, three Sandoval County defendants represented by

the same lawyer removed the plaintiff's 42 U.S.C. § 1983 case from state to federal court.  The

removal notice stated that a fourth defendant, represented by a different lawyer, consented to

removal.  But that lawyer did not sign the removal notice.  Within two weeks of removal,

however, the non-removing defendant filed a motion to dismiss and a jury trial demand.  *Id.* at

*7.  And twenty-seven days after the case was removed and before the plaintiff filed a motion to

remand, the non-removing defendant filed its consent to removal on the docket.  The question

presented was whether the removing defendants' vouching of consent in the removal notice,

coupled with the non-removing defendant's filings – a motion to dismiss, jury trial demand,

separate notice of consent, and brief opposing the plaintiff's remand motion – satisfied the

unanimity rule.  *Id.* at *1.

      Answering yes, Judge Brack noted that neither the text of the removal statute nor

Supreme Court or Tenth Circuit precedent specifies how co-defendants are to give their

"consent" to removal or the time-frame for doing so.  After thoroughly analyzing numerous

factors, *see e.g., id.* at *3-8, Judge Brack concluded that the non-removing defendant in that case

consented to removal in a sufficient form and time-frame.  As to the form of consent, he

explained that the removing defendants "actively obtained" the non-removing defendant's consent and noted such consent in their removal notice. *Id.* at *8. Then the non-removing defendant moved to dismiss, filed a jury trial demand, and a separate notice of consent, all of which Judge Brack found "sufficient to establish unanimity." *Id.* at *7. As to the time-frame to give notice of consent, Judge Brack acknowledge that it was "close[] call," because the non-removing defendant did not indicate her consent within 30-days of being served with the complaint. *Id.* at *8. However, because 28 U.S.C. § 1446(b)(2)(A), "only requires that all defendants consent to removal," but is otherwise "silent regarding when that consent must take place," the Court found that the non-removing defendant's consent was sufficient and timely. *Id.*

The *Szuszalski* decision also addressed that judges within the District of New Mexico have reached different results regarding the form consent must take, *i.e.,* some having found that independent and unambiguous consent is required within 30 days of the date of the last-served defendant while others having found that the removing defendant may vouch for the non-removing defendants and were reluctant to impose a definitive timeline. *Id.* at *3, 9-10 (collecting cases). Thus, it is true that in the past the Court has specifically advised lawyers for non-removing defendants who wish to consent to removal to "(1) sign[] the notice of removal, (2) fil[e] a separate notice of removal, or (3) fil[e] a notice of consent," and has cautioned lawyers: "[d]o not rely on phone calls or emails or handshakes. Do not rely on a co-defendant's counsel to say something on your client's behalf. File something with the Court." *Anderson v. City of Albuquerque*, 2014 WL 12798371, at *1-2 (D.N.M. Jan. 23, 2014). But it is also true that the Court has told lawyers that "there is no such [written] requirement in the [removal] statute" and that such a requirement introduces "procedural hurdles that Congress did not create . . . ." *Szuszalski,* 2019 WL 5964602 at *7 (quoting in part *Tresco, Inc. v. Cont'l Cas. Co*., 727 F. Supp.

2d 1243, 1255 (D.N.M. July 2, 2010)).  Judge Brack even acknowledged that a written

requirement simplifies the removal process for plaintiffs and courts but ultimately voiced his

"reluctan[ce] to impose a judicially-made procedural requirement that is not found in the statute

or in this district's local rules."  *Id.*

     With this background in mind, the Court finds *Szuszalski's* reasoning persuasive and finds

that the removing Defendants' active conferral with and obtaining of the non-removing

defendants' consent and noting such consent in their Notice of Removal, combined with the

non-removing Defendants' activity in the federal lawsuit at the time of and shortly after removal,

is sufficient to show unanimity.[3]  *See also Weathers v. Circle K Stores, Inc.,* 434 F. Supp. 3d

1195, 1202-1204 (D.N.M. Jan. 9, 2020) (finding *Szuszalski* persuasive and denying remand

where removing defendant represented all defendants consented to removal and where co-

defendant affirmatively indicated consent through filing an answer six days after removal, a brief

opposing remand, and entered a separate notice of consent 45 days after removal).  Here, on

August 29, 2025, Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel,

Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez,

---

[3] Plaintiff argues in his Reply that *Szuszalski* (and other district court cases Defendants cite) is unpublished and therefore nonbinding and that the cases upon which he relies, *i.e., Cornwall v. Robinson,* 654 F.2d 685 (10th Cir. 1981); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998); *Brady v. Lovelace Health Plan,* 504 F. Supp. 2d 1170 (D.N.M. Aug. 20, 2007); and *Vazquez v. Americano U.S.A., LLC,* 536 F. Supp. 2d 1253 (D.N.M. Feb. 13, 2008), are published, binding, and precedential.  Doc. 40 at 5, 9.  Plaintiff is mistaken.  Plaintiff's reliance on *Cornwall* and *Steel Co.* as Tenth Circuit precedent on the issue presented here is misplaced.  *See* Section IV, *supra.*  To be clear, there is no Tenth Circuit decision directly on point, and there is a split of authority in this District, as to the required "*form of* and *time frame for*" such consent.  *Szuszalski,* 2019 WL 5964602, at 9; *see also Paggen v. Heart of Am. Trans., Inc.,* 2025 WL 1447246, at *4 (D.N.M. May 19, 2025) (same) (citing *Szuszalski v. Fields,* No. 19-CV-0250, 2019 WL 5964602, at *3-11 (D.N.M. Nov. 13, 2019) (emphases intact) (collecting caselaw)).  Additionally, the two district court cases upon which Plaintiff relies, whether published or not, are not binding on this Court.  *See United House of Prayer for All People v. United Bldg. Contractors, Inc.,* 428 F. Supp. 2d 688, 693 (E.D. Mich. 2006) ("[A]ll district court cases are non-binding authority whether published or not."); *Smith v. Astrue,* 639 F. Supp. 2d 836, 841 (W.D. Mich. 2009) (explaining that district-court decisions, whether published in the Federal Supplement books or not, are not binding) (citing *US v. Flores,* 477 F.3d 431, 438) (6th Cir. 2007)).

Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson timely filed a Notice of Removal;[4] *on the same date* counsel for Rio Rancho School Defendants filed an Entry of Appearance;[5] *seven days later, on September 5, 2025,* Attorney Wilkey filed an Amended Entry of Appearance to include the six individual Defendants who were unrepresented at the time of removal;[6] *on the same date* Attorney Wilkey filed a Motion to Stay Discovery and Motion to Dismiss on behalf of *all* the Rio Rancho City Defendants; *on the same date* counsel for Rio Rancho School Defendants filed a Motion to Dismiss. All of the foregoing docket activity took place *before* Plaintiff filed his Motion. Additionally, the Rio Rancho School Defendants filed a separate notice of consent twenty days after removal and all Defendants have filed opposition briefing to Plaintiff's Motion. *See Weathers*, 434 F. Supp. 3d at 1203-04 (citing cases where filing opposition briefing to a remand motion demonstrates unanimity). The Court finds this sufficient to demonstrate unanimity.

The Court further finds that Plaintiff's argument that the Notice of Removal is procedurally defective because of removing Defendants' omission of "all process, pleadings, and orders served" at the time of removal is unavailing. The Tenth Circuit holds the majority view that a removing party's failure to attach the required state court papers to a notice of

---

[4] Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, and Elliana Lury were served on July 30, 2025. Doc. 6 at 26, 28, 32, 35, 39, 42, 45, 48, 51, 54. It is not clear from the record when Theresa Smith was served. Stephen Smith was served on August 11, 2025. Doc. 6 at 82. Torenzo Johnson was served on August 12, 2025. Doc. 6 at 107.

[5] Defendant Rio Rancho Public Schools was served on July 30, 2025. Doc. 6 at 37. Defendant Bobbie Martinez was served on August 12, 2025. Doc. 6 at 110.

[6] Defendant Ana Kuny Slock as served on August 7, 2025. Doc. 6 at 63. Defendants Raquael DeTomasso and Melissa Montoya were served on August 11, 2025. Doc. 6 at 67, 103. Defendants Bianca Fisher, Michael Fisher, and Mike McDermott were served on August 13, 2025. Doc. 6 at 70, 74, 78. Notably, these Defendants engaged in docket activity in federal court within thirty days of their being served. *See generally Zambrano v. New Mexico Corr. Dep't,* 256 F. Supp. 3d 1179, 1183-84 (D.N.M. 2017) (finding that unanimous consent was required thirty days after the last defendants were served).

removal is a mere procedural defect that is curable either before *or after* expiration of the thirty-day removal period.  *Countryman v. Farmers Insurance Exchange*, 639 F.3d 1270, 1272 (10th Cir. 2011).  Here, the docket reflects that on September 2, 2025, the Clerk's Office staff contacted Attorney Wilkey regarding that state court documents not being attached as Exhibit A as noted in the Notice of Removal.  On the same date, the removing Defendants filed an Appendix/ Supplement (Exhibit A) to the Notice of Removal.  Doc. 6.  The Rio Rancho City Defendants also noted in their Response that "[u]ndersigned counsel had submitted the papers and process from the State Court with the Notice of Removal, but a technical error led to them not being submitted with the Notice of Removal on August 2[9], 2025, as part of the electronic filing process."  Doc. 24 at 3, fn. 2.  The Court concludes, therefore, that the omission was an inadvertent, minor procedural defect that the removing Defendants cured immediately upon notice from the Clerk's Office by supplementing the Notice of Removal to include the state court record.  Moreover, Plaintiff has shown no prejudice by the omission.  *Countryman*, 639 F.3d at 1273.  Nor was the district court's ability to proceed with the case materially impaired.  *Id.*  Thus, the removing Defendants' failure to include the state court pleadings and process with the Notice of Removal does not defeat this Court's jurisdiction.  *Id.* at 1272.

Last, the Court finds Plaintiff's miscellaneous arguments regarding the alleged defective Notice of Removal are frivolous, unsupported, and without merit.  The civil cover sheet required in federal court has no legal effect in a case.  *See* D.N.M.LR-Civ. 3.1 ("A civil cover sheet form, available from the Clerk, must be completed and attached to the pleading initiating a civil action. This requirement is for administrative purposes, and information appearing on the civil cover sheet will have no legal effect in the action.").  Additionally, the removing Defendants met the statutory requirements for removal of a civil action by filing their Notice of Removal within

thirty days of service, obtaining consents from *defendants* who had been served, and providing

notice of removal to adverse parties and the state court as they were required to do.  28 U.S.C.

§ 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days

after the receipt by the defendant[.]"); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is

removed solely under section 1441(a), all defendants who have been properly joined and served

must join in or consent to the removal of the action."); 28 U.S.C. § 1446(d) ("Promptly after the

filing of such notice of removal of a civil action the defendant or defendants shall give written

notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State

court, which shall effect the removal and the State court shall proceed no further unless and until

the case is remanded.").  That removing Defendants chose to remove on the day thirty as

opposed to days one through twenty-nine does not render the removal untimely nor support that

it was done in bad faith or for deceptively strategical purposes.  Furthermore, removing

Defendants were under no statutory obligation to consult with or obtain Plaintiff's consent prior

to filing their Notice of Removal.  Plaintiff's arguments amount to indulgent blustering and are

simply without merit.

## B.    Novelty, Complexity, and Predominance of State Law Claims

Plaintiff next argues that remand is warranted because his Complaint is best litigated in

state court due to complex state law issues, local interests, convenience of the parties, and that

his state law claims predominate over federal claims.

In any civil action of which the district courts have original jurisdiction, the district courts

shall have supplemental jurisdiction over all other claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy.  *See*

28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *United Intern. Holdings, Inc. v. Wharf (Holdings), Ltd.,* 210 F.3d 1207, 1220 (10th Cir. 2000) ("Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts.").  Nonetheless, the district court may decline to exercise supplemental jurisdiction over a claim if

> **(1)** the claim raises a novel or complex issue of State law,

> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or

> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

 28 U.S.C. § 1367(c)(1)-(4).

Here, there is no dispute that Plaintiff's Complaint alleges federal claims over which this Court has original jurisdiction.  Those claims have yet to be addressed much less dismissed. Additionally, other than saying so, Plaintiff has not demonstrated that his state law claims raise such novel and complex issues of State law that this Court is prevented from exercising supplemental jurisdiction over them if it chooses to do so in its discretion.  Further, even if Plaintiff's state law claims were to predominate in number over the federal question claims, the inquiry "does not focus on whether the number of state law claims exceeds the number of federal claims."  *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789-90 (3d Cir. 1995) (holding "substantially predominate" standard is not met simply by a numerical count of the state and federal claims plaintiff chooses to assert on the basis of the same set of facts).  Rather, the inquiry is whether proof of a state law claim expands the scope of the case beyond the

underlying federal claim. *See Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1352-53 (D. Colo. 1994). To demonstrate this, there must be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claim. 16 Moore's Federal Practice § 106.65 (3d ed. 1997). Here, Plaintiff does not allege any variance in proof or in evidence between the state law claims and the federal claims, only that there are more of one than the other. Thus, because there is no substantial disparity between the kind or quantity of evidence needed to try each set of claims, the state claims do not predominate over the federal question claims.

In sum, Plaintiff fails to provide a basis under 28 U.S.C. § 1367(c)(1) or (2) for this Court to exercise its discretion to remand this case to state court prior to addressing the federal claims alleged in his Complaint.

### C.    <u>Pending Motions in State Court</u>

Last, Plaintiff argues that remand is warranted because he filed two motions in state court seven days before removal that were ready for consideration. Doc. 16 at 16-18. Plaintiff argues that the removal has unnecessarily prejudiced him by depriving him of timely rulings on his motions in the "proper forum." *Id.* The Court is not persuaded. To begin, there is no evidence that Plaintiff's motions filed seven days prior to removal and to which Defendants had not yet responded were "ready for consideration by the state court." Even if so, pending motions do not bar removal. *See Hundall v. Univ. of Texas at El Paso (UTEP)*, 2013 WL 12090353, at *3 (W.D. Tex. Dec. 10, 2013) ("It is irrelevant when Plaintiff's state court motions were filed because pending motions do not bar removal."). Moreover, removal divests the state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court. *Bruley v. Lincoln Property Co., N.C.,*

*Inc.,* 140 F.R.D. 452 (D. Colo., 1991) (Removal of a state action to federal court immediately

divests state court of jurisdiction) (citing 28 U.S.C. § 1446)). Thus, by operation of law, all

motions pending in state court at the time of removal remain pending as if they had been filed in

federal court. *See In re Montgomery Mall Ltd. P'ship*, 704 F.2d 1173, 1176 (10th Cir. 1983)

(string citation omitted) (explaining that it is well settled that "motions pending in state court

survive removal to federal court."). As such, Plaintiff's motions filed in state court do not bar

removal and their pendency at the time of removal is not a basis for remand.

## III.

## CONCLUSION AS TO REMAND

For all of the foregoing reasons, the Court finds Plaintiff's Emergency Motion to Remand

is not well taken and is **DENIED.**

**IT IS SO ORDERED.**

## IV.

## PLAINTIFF'S NONEXISTENT AUTHORITIES, MISLEADING REPRESENTATIONS TO THE COURT, AND A WARNING

The Court issues this warning to Plaintiff that it will not tolerate citations to nonexistent

cases and/or to case law that misleads and falsely represents to the Court legal support for the

arguments presented. The Court hereby places Plaintiff on notice that sanctions may result

should Plaintiff continue to submit filings that rely on non-existent, false or misleading authority.

### A.    Nonexistent Authorities

Plaintiff cites the following cases in his Motion that, after diligent search, the Court is

unable to find; the Court thereby concludes they are fictitious, non-existent cases:

1.    *Cornell v. Precision Valve & Automation, Inc.,* 2011 WL 1420182 (D.N.M.

2011). Plaintiff cites this alleged case three times in his Motion and argues it holds that the

"failure to obtain written consent from all served defendants within the statutory window was a fatal defect that could not be fixed by later filings"; that "amended filings cannot retroactively validate an improper removal"; that curing defects, such as missing state court documents, must be done within the thirty-day period allowed for removal; and that state court notices can be used as evidence to demonstrate a defective notice of removal.  Doc. 16 at 4, 7.

   2. *Baldwin v. Perdue Farms, Inc.,* 569 F. Supp. 2d 754 (E.D. Va. 2008). Plaintiff cites this alleged case to support his argument that remand is required when state court filings fail to accurately reflect which parties removed the case.

  **B.** **Misleading Authorities**

  Plaintiff cites the following cases as putative legal support for his arguments.  Plaintiff, however, misrepresents and misleads the Court as to their holdings and legal authority for the issues presented here.

   1. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262, n. 11 (5th Cir. 1988).  Plaintiff misquotes a selected portion of a footnote 11, *i.e.,* "there must be some timely filed written indication from each served defendant, or from someone purporting to act on its behalf and with authority do so, that it has actually consented to the removal,"[7] and mispresents that "the Tenth Circuit has adopted" this *holding* from the Fifth Circuit.  Doc. 16 at 4.  Plaintiff also mispresents that this *holding* requires each defendant "express consent directly to the court"; requires "explicit, timely, and public consents by each defendant"; and that the

---

[7] The selected text from the footnote actually reads:

> [T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.

*Getty Oil Corp.*, 841 F.2d at 1262, n. 11.

failure to do so "violate[s] fundamental due process principles and render[s] the removal void." Doc. 16 at 11, 13-14.  In *Getty Oil*, the Fifth Circuit held that the district court had failed to properly determine prior to deciding the case on the merits whether there was complete diversity between the parties and that all served defendants were required to join in petition no later than 30 days from the day on which the first defendant was served.  841 F.2d at 1257-1263.  The Fifth Circuit vacated the judgment and remanded and explained that it did not reach the merits on either the jurisdictional issue or the removal issue that included whether the delayed joinder of one defendant was excusable and/or whether the issue of joinder had been waived.  *Id.* at 1264.

> 2.     *Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981).  Plaintiff misrepresents that the Tenth Circuit held in *Cornwall* that it *strictly enforces* that all defendants who have been properly joined and served must join in or consent to removal within thirty days and that remand is mandatory if these requirements are not met.  Doc. 16 at 5, 13.  Plaintiff also improperly includes what he represents is quoted language from the opinion that is nonexistent in the opinion.[8]  Doc. 40 at 1-2.  The issue before the Tenth Circuit in *Cornwall* was whether the district court applied an incorrect standard for awarding attorney fees following a conceded procedurally defective removal by one defendant in the absence of consent by another.  *Cornwall*, 654 F.2d at 686-87.  The Tenth Circuit reversed the district court's award of attorney fees based on its application of an improper standard.  *Id.*  The issue of whether the defendants

---

[8] Plaintiff argues in his Reply that

> In *Cornwall v. Robinson*, the court held:

> > To effect removal, all served defendants must join in the petition or file their consent to removal within the thirty-day statutory period.

> 654 F.2d 685, 686 (10th Cir. 1981).

Doc. 40 at 1.  This quote or anything remotely similar is not in the *Cornwall* opinion.

had met the procedural requirements of removal was not before the Tenth Circuit in *Cornwall*

and the Court did not address or discuss the form of or time frame for consent.

        3.     *Creekmore v. Food Lion, Inc.,* 797 F. Supp. 505 (E.D. Va. 1992). Plaintiff

mispresents that this case supports his argument that the failure to provide a complete state court

record renders removal defective and prevents jurisdiction from vesting in federal court. Doc. 16

at 6-7. This case involved a motion for reconsideration of the court's remand order where the

court had remanded after having determined that not all of the defendants had formally

consented. *Creekmore*, 797 F. Supp. at 507-10. The court does not address nor discuss whether

the failure to provide a complete state court record with the notice of removal rendered the

removal defective requiring remand.

        4.     *Stephens v. Portal Boat Co.,* 781 F.2d 481 (5ᵗʰ Cir. 1986). Plaintiff

mispresents that this case holds that until proper notice is given, both the state and federal court

may have concurrent jurisdiction.[9] Doc. 16 at 8. Plaintiff also mispresents that this case holds

that when a state court notice fails to clearly and accurately reflect a "completed federal

removal,"[10] jurisdiction remains with the state case. *Id.* at 9. This case involves a defendant's

attempt to avoid assessed state taxes by removing the proceedings to district court but, *inter alia,*

*failed to advise the state court of removal by filing the requisite notice. Stephens*, 781 F.2d at

482. In the absence of properly notifying the state court as required, the state court proceeded to

---

[9] Concurrent jurisdiction does not mean that the same case can proceed in both state and federal court at the same time
as Plaintiff suggests. Instead, it means that claims can be heard in more than one court. A plaintiff is the master of
the plaintiff's complaint and has the choice of pleading claims for relief under state or federal law (or both). *Caterpillar
Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). If these claims do not involve federal
law or diverse parties, the action can be brought only in state court. *See id.* On the other hand, if these claims give
rise to concurrent jurisdiction, the plaintiff may choose to file in either state or federal court. But if the plaintiff elects
state court, the defendant then has the option of removing the case from state court to federal court under the general
removal statute, 28 U.S.C. § 1441.

[10] Plaintiff argues the federal removal here was not complete because the Notice of Filing Notice of Removal filed in
state court did not contain the federal case number. Doc. 16 at 9.

render judgment in favor of the taxing authorities. *Id.* Defendant attempted to set aside the judgment arguing the state court lost jurisdiction by virtue of removal. *Id.* The court noted this contention was erroneous because a removal is not effective until notice is given to state court. *Id.* at fn. 1. The federal proceeding was dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1341 which circumscribes district courts from exercising jurisdiction over state tax disputes. *Id.*

     5.    *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). Plaintiff misrepresents that this case holds that a court should remand under § 1447(c) due to the improper and bad-faith actions of defense counsel. Doc. 16 at 11. The Supreme Court granted certiorari in this case to resolve a conflict among the Circuits concerning when attorney fees should be awarded under § 1447(c). *Martin,* 546 U.S. at 136. This case does not address or discuss bad faith conduct as a basis for remand.

     6.    *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). Plaintiff misrepresents that this case holds that federal courts have discretion to remand cases at the time of removal where state law claims predominate, where state claims involve novel or complex questions of law, or where local interests and the convenience of the parties favors litigation in state court. Doc. 16 at 14, 15, 16. The Supreme Court granted certiorari in this case to resolve the split among the Circuits as to whether a district court could relinquish jurisdiction over a removed case *when all federal-law claims have been dropped out of the action and only pendent state-law claims remained* only by dismissing it without prejudice or whether the district court could relinquish jurisdiction over the case by remanding it to state court as well. *Carnegie-Mellon University*, 484 U.S. at 348, 353. The Supreme Court does not address or discuss the

district court's discretion to remand a removed case at the outset when federal claims remain in dispute.

       7.    *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  Plaintiff misrepresents that this case stands for the proposition that when state issues substantially predominate, as he argues they do here, that the federal court should avoid exercising supplemental jurisdiction and state claims should be dismissed or remanded at the outset even when removal might be permissible.  Doc. 16 at 15.  In *Gibbs*, the Supreme Court addressed, *inter alia,* whether the district court exceeded its discretion in proceeding to judgment on a state law claim where federal claims ultimately failed at trial.  *Gibbs*, 383 U.S. at 728.  The answer was no.  *Id.* at 729.  In coming to this conclusion, the Supreme Court articulated a test for determining when a federal court should exercise jurisdiction over pendent state law claims, *i.e.,* whether both state and federal claims derive from a common nucleus of facts and the trial court's discretion to exercise its power in consideration of judicial economy, convenience and fairness to litigants.  *Gibbs*, 383 U.S. at 725-26.  This case does not support Plaintiff's argument that the district court should exercise its discretion to remand and/or dismiss claims when federal claims are pending.

       8.    *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Plaintiff misrepresents that this case recognizes that "local disputes involving local officials should generally remain in state court absent a clear federal necessity."  Doc. 16 at 16.  The issue in this case was whether a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, states a claim "arising under the Constitution, laws, or treaties of the United States."  *Merrell Dow*, 478 U.S. at 807.

9.      Rule 1-001 NMRA – Scope of Rules; Definitions.  Plaintiff mispresents that the purpose of Rule 1 of the New Mexico Rules of Civil Procedure *guarantees* a "just, speedy, and inexpensive" *resolution* of cases.  Doc. 16 at 17.  The rule states that "[t]hese rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

10.     *Farmland National Beef Packing Co., L.P. v. Stone Container Corp.,* 98 F. App'x 752 (10th Cir. 2004) (unpublished).  Plaintiff mispresents that *Farmland National* "confirms that the absence of unanimous, timely consent is a procedural defect requiring remand when timely raised."  Doc. 40 at 2.  In *Farmland National*, the issue was the timeliness of a plaintiff's motion to remand which was based, in part, on the alleged procedural defect in the notice of removal.  98 F. App'x at *2.  The Tenth Circuit held that "even if the missing company names on the notice of removal originally put unanimous consent to removal in doubt," they need not decide whether it amounted to a procedural defect because the motion to remand was untimely and the district court's remand order must be vacated.  *Id.* at *3.

11.     *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).  Plaintiff mispresents that *Steel Co.* is a decision governing removal procedure.  Doc. 40 at 5.  The issues in *Steel Co*. were provisions in a particular environmental statute for district court jurisdiction in certain civil actions coupled with the requirements for standing.  *Id.*  This case does not address or discuss the statutory requirements of removal.

## C.    <u>Warning to Plaintiff</u>

In light of the foregoing, the Court issues a warning to Plaintiff.  Given the rise of artificial intelligence and its use in court proceedings, courts have begun ordering litigants suspected of citing to AI-hallucinated cases to show case why sanctions or discipline should not

issue.  Specifically, courts tend to find that Fed. R. Civ. P. 11(b)(2) applies in the context of litigants citing to AI-hallucinated cases in documents submitted to courts.  Plaintiff is subject to Fed. R. Civ. P. 11 notwithstanding his status as a *pro se* plaintiff.  "[A] plaintiff proceeding *pro se* is not excused from complying with rule 11's requirements."  *Duncan v. Citibank (S.D.), N.A.*, 2007 WL 1302648, at *4 (D.N.M. Mar. 31, 2007) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  "In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable."  *Clements v. Chapman*, 189 F. App'x 688, 692–93 (10th Cir. 2006) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1992)).  However, "[a] litigant's *pro se* status may certainly be considered when determining whether to impose Rule 11 sanctions." *McCormick v. City of Lawrence*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing Rule 11 Notes of Advisory Committee on 1983 amendments).  Under the Rule 11 standard, "the court must determine what a reasonable person in the *pro se* litigant's position would have done."  *Sieverding v. Colorado Bar Ass'n*, 2003 WL 22400218, at *28 (D. Colo. October 14, 2003) (*aff'd* 126 F. App'x 457 (10th Cir. 2005)).

Additionally, while courts "make some allowances for the pro se plaintiff's failure to cite proper legal authority," courts ordinarily do not coddle a plaintiff who cites to fake, nonexistent, or misleading authorities.  *Fomby v. Jones*, 486 F. App'x 747, 748 (10th Cir. 2012) (citation modified); *see, e.g., Dehghani v. Castro*, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025) (collecting cases), *aff'd*, 782 F. Supp. 3d 1051 (D.N.M. 2025); *Lipe v. Albuquerque Pub. Schs*., 2025 SL 2695244, at *3-4 (D.N.M. Sept. 22, 2025) (finding counsel $3,000 for, *inter alia*, failure to adequately review filings for accuracy and citing nonexistent cases); *Morgan v. Cmty. Against Violence*, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023) ("Quite obviously, many harms flow

from [the use of fabricated citations] – including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system[.]").

The Court strongly cautions Plaintiff about the use of AI to help draft legal filings. The Court, as well as defense counsel, have now spent a significant and, frankly, unnecessary amount of time debunking questionable, inaccurate and fictitious authority. The Court hereby warns Plaintiff that he will face sanctions, ranging from monetary penalties up to and including dismissal of his case, if his future legal filings contain nonexistent cases and/or citations to case law that misleads and falsely represents to the Court legal support for the arguments presented.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**