IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JARROD LOWREY,**

      **Plaintiff,**

      vs.                                                    Civ. No. 25-849 JFR/LF

**CITY OF RIO RANCHO,**
**RIO RANCHO PUBLIC SCHOOLS,**
**RIO RANCHO POLICE DEPARTMENT,**
**CONNIE PETERSON,** in her official and individual capacities,
**LORENZO GREEN,** in his official and individual capacities,
**NOAH TRUJILLO,** in his official and individual capacities,
**BRANDON MAEZ,** in his official and individual capacities,
**ELLIANA LURY,** in her official and individual capacities,
**MATT GEISEL,** in his official and individual capacities,
**JOSH RUBIN,** in his official and individual capacities,
**LAWRENCE SAMUEL,** in his official and individual capacities,
**MIKE McDERMOTT,** in his private capacity as 3rd party conspirator,
**TORENZO JOHNSON,** in his private capacity as 3rd party conspirator,
**STEPHEN SMITH,** in his private capacity as 3rd party conspirator,
**THERESA SMITH,** in her private capacity as 3rd party conspirator,
**MELISSA MONTOYA,** in her private capacity as 3rd party conspirator,
**ANA KUNY SLOCK,** in her private capacity as 3rd party conspirator,
**RAQUEL DeTOMASSO,** in her private capacity as 3rd party conspirator,
**BIANCA FISHER,** in her private capacity as 3rd party conspirator,
**MICHAEL FISHER,** in his private capacity as 3rd party conspirator,
**BOBBIE MARTINEZ,** in her private capacity as 3rd party conspirator,

      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
CITY ATTORNEY FROM REPRESENTING INDIVIDUAL DEFENDANTS
<u>IN THEIR PERSONAL CAPACITIES</u>**

**THIS MATTER** is before the Court on Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants In Their Personal Capacities ("Motion"), filed August 22, 2025. Doc. 6 at 115-118. On September 8, 2025, Defendants filed a Response.

Doc. 13.  On September 22, 2025, Plaintiff filed a Reply.[1]  Doc. 21.  Having reviewed the arguments, the record, and the relevant law, the Court finds that Plaintiff's Motion is not well taken and it is **DENIED WITHOUT PREJUDICE**.

## I.  PROCEDURAL BACKGROUND

On July 28, 2025, Plaintiff Jarrod Lowrey, filed a Complaint in the Thirteenth Judicial District Court, County of Sandoval, State of Mexico, against the City of Rio Rancho, Rio Rancho Public Schools, Rio Rancho Police Department, and eighteen individuals in their official, individual, and/or private third-party conspirator capacities.  Doc. 6 at 1-19.  Plaintiff's Complaint is based on his and his son's participation in a fourth grade youth basketball program in Rio Rancho, New Mexico.  *Id.*  Plaintiff brings nineteen claims against Defendants alleging violations of the Individuals With Disabilities Act, the First Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution, the New Mexico Human Rights Act, the New Mexico Civil Rights Act, the New Mexico Tort Claims Act, and New Mexico common law.  *Id.*  On August 29, 2025, Defendants City of Rio Rancho,

---

[1] Plaintiff provided what he characterizes is a "limited reply" and in so doing argues, without any legal support, that pending a ruling on his *Emergency Motion to Remand* that this Court's jurisdiction is not established, that a ruling on this Motion is premature, and that he, therefore, has discretion to defer his reply.  Plaintiff is mistaken.  Removal divests the state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court.  *Bruley v. Lincoln Property Co., N.C., Inc.,* 140 F.R.D. 452 (D. Colo., 1991) (Removal of a state action to federal court immediately divests state court of jurisdiction) (citing 28 U.S.C. § 1446)).  Thus, by operation of law, all motions pending in state court at the time of removal remain pending as if they had been filed in federal court.  *See In re Montgomery Mall Ltd. P'ship*, 704 F.2d 1173, 1176 (10th Cir. 1983) (string citation omitted) (explaining that it is well settled that "motions pending in state court survive removal to federal court.").  While pleadings from *pro se* litigants are construed liberally, *pro se* litigants are obligated to comply with the rules of civil procedure.  *Ogden v. San Juan Cty*., 32 F.3d 452, 455 (10th Cir. 1994); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("liberal treatment [for *pro se* litigants] is not without limits, and this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted); *Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005) ("plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*.  *Pro se* litigants must follow rules of procedures, including local rules.").  Compliance with the rules of civil procedure, therefore, is not at Plaintiff's discretion and the Court will not allow Plaintiff to ignore them.  In accordance with this Court's Local Rules, Plaintiff's Reply was due within fourteen (14) calendar days after service of the response.  D.N.M.LR-Civ. 7.4(a).  Additionally, "[t]he failure to file and serve a reply in support of amotion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."  D.N.M.LR-Civ. 7.1(b).

Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson filed a Notice of Removal based on Plaintiff's alleged violations of federal statutes and the United States Constitution over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Doc. 1.  On August 29, 2025, Attorney James Wilkey filed an Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson.  Doc. 3.  On August 29, 2025, Attorney Jason Michael Burnette filed an Entry of Appearance on behalf of Defendants Rio Rancho Public Schools and Bobbie Martinez ("Rio Rancho School Defendants").  Doc. 4.  On September 5, 2025, Attorney Wilkey entered an Amended Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, Torenzo Johnson, Raqueal DeTomasso, Bianca Fisher, Michael Fisher, Mike McDermott, and Melissa Montoya ("Rio Rancho City Defendants").  Doc. 7.  On September 5, 2025, the Rio Rancho City Defendants filed a *Motion to Stay Discovery* and a *Motion to Dismiss for Failure to State a Claim and Qualified Immunity*.  Docs. 8, 10.  On September 5, 2025, the Rio Rancho School Defendants filed a *Motion to Dismiss Complaint* pursuant to Rule 12(b)(6).  Doc. 9.  On September 8, 2025, Plaintiff filed the *Emergency Motion to Remand*.[2]  Doc. 16.  On September 18, 2025, the Rio Rancho School Defendants filed a Consent to Removal.  Doc. 20.

---

[2] On November 5, 2025, the Court entered an Order Denying Emergency Motion to Remand and Issuing Warning Regarding Possible Sanctions.  Doc. 48.

Prior to removal, Plaintiff filed the Motion which is now before the Court. *See In re Montgomery Mall Ltd. P'ship*, 704 F.2d 1173, 1176 (10th Cir. 1983) (string citation omitted) (explaining that it is well settled that "motions pending in state court survive removal to federal court.").

## II.    ARGUMENTS

Plaintiff moves the Court to disqualify defense counsel representing the City of Rio Rancho, or any counsel funded by the City, from representing individually named defendants in their personal capacities. Doc. 6 at 115. Plaintiff argues that "[w]hile the City's attorney may properly appear for the City and its officials in their official capacities, joint representation of the City and defendants in their individual capacities creates an impermissible conflict of interest." *Id.* (citing Rule 16-107 NMRA). Plaintiff argues that courts in New Mexico have the inherent authority to disqualify counsel to preserve the integrity of the proceedings.[3] *Id.* at 116. Plaintiff also argues that the Tenth Circuit has expressly held that when municipal and individual-capacity defenses diverge, separate counsel is required. *Id.* In support Plaintiff cites *Johnson v. Board of County Com'rs for County of Fremont*, 85 F.3d 489, 493-94 (10th Cir. 1989) and *Galindo v. Town of Silver City*, 127 F. App'x 459, 467 (10th Cir. 2005). *Id.* Plaintiff further argues that the District of New Mexico has applied this "rule" of requiring separate counsel in *Price v. Whitten*,

---

[3] In support, Plaintiff cites case law that appears to be fictitious and/or falsely represents to the Court legal support for the arguments presented.

Plaintiff cites "*State v. Barnett*, 1998-NMCA-073, ¶¶ 13-16." Doc. 6 at 116. The citation actually belongs to the case *Kruskal v. Moss*, a case that addressed an action to foreclose following arbitration of dispute between mortgagee and mortgagor as to residential project that they had developed as business partners. 1998-NMCA-073. This case law does not address, discuss or reference a court's "inherent authority to disqualify counsel."

Plaintiff also cites "*Coleman v. Safeway Stores, Inc.,* 1982-NMSC_071, ¶ 10. Doc. 6 at 116. The citation actually belongs to the case *Nichols v. Nichols*, an appeal and cross appeal from a judgment of marriage dissolution. 1982-NMSC-071. This case law does not address, discuss or reference a court's "inherent authority to disqualify counsel."

2023 WL 8539070 [sic] (D.N.M. Dec. 8, 2023).  *Id.*  Finally, Plaintiff argues that "[a]llowing the City Attorney to defend individual defendants personally forces Rio Rancho taxpayers, including Plaintiff, to subsidize the defense of private misconduct" and "undermines confidence in the integrity of public litigation."  *Id.*

Defendants contend there is no concurrent conflict of interest under Rule 16-107 and it is inapplicable.  Doc. 13 at 4.  Defendants contend that there are no claims at issue here that the individual defendants named in their official and individual capacities were acting outside the course and scope of the employment with the City, and that even if they were the City of Rio Rancho has not now and has no intention of making that claim.  *Id.* at 4-5.  As such, Defendants contend there is no "divergence of defenses" or chance that the interests of the City of Rio Rancho and the individual defendants will be "directly adverse."  *Id.*

Defendants also contend that the existing case law Plaintiff cites is not helpful to Plaintiff because both *Johnson* and *Galindo* hold that when individuals are being sued in both official and individual capacities separate counsel is required only when a potential conflict turns into an actual conflict.  *Id.*  Here, Defendants contend that not even a potential conflict exists such that separate counsel is not required.  *Id.*  As for *Price*, Defendants contend that while the Court acknowledged that a potential conflict existed between the individual and city defendants, it nonetheless *held* that the conflict was successfully waived by the individual defendant.  *Id.* at 5-6.

Defendants next contend that Plaintiff lacks standing to bring the present motion.  Doc. 13 at 6-8.  Defendants contend that none of counsel's clients have requested disqualification and that Plaintiff has not demonstrated that his interests are so adversely affected by an alleged conflict to warrant the Court granting him standing to move to disqualify Defendants' counsel.

5

*Id.* Defendants further contend that Plaintiff's concerns about taxpayers subsidizing the defense of private misconduct and undermining of confidence in the integrity of public litigation are unfounded as there is no dispute that the individual Defendants sued here in both capacities were acting in their official and not personal capacities. *Id.*

Finally, Defendants note that Plaintiff cites to nonexistent case law.

### III.   ANALYSIS

Attorneys are bound by the local rules of the court in which they appear. *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir.1994). The United States District Court for the District of New Mexico has adopted the New Mexico Rules of Professional Conduct. D.N.M.LR-Civ. 83.9. Primarily at issue here is Rule 16.107, *Conflict of interest; current clients*, which provides:

> **A.   Representation involving concurrent conflict of interest.** Except as provided in Paragraph B of this rule, a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1)   the representation of one client will be directly adverse to another client; or
> >
> > (2)   there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> **B.   Permissible representation when concurrent conflict exists**. Notwithstanding the existence of a concurrent conflict of interest under Paragraph A of this rule, a lawyer may represent a client if:
>
> > (1)   the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > (2)   the representation is not prohibited by law;
> >
> > (3)   the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

        (4)    each affected client gives informed consent, confirmed in writing.

NMRA 16-107.

        The disqualification of an attorney for an alleged conflict of interest is a substantive matter for the courts. *United States ex rel. Banker v. Community Health Systems, Inc.*, 2011 WL 13151981, *2 (D.N.M. Dec. 15, 2011) (citations omitted). Motions to disqualify are governed by the ethical rules announced by the national profession and considered "in light of the public interest and the litigants' rights . . . ." *Cole,* 43 F.3d at 1383. Because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *Id.*

        Generally speaking, only clients have standing to move to disqualify counsel. *Drevaleva v. Department of Veterans Affairs*, 2021 WL 4168600, at *6 (D.N.M. Sept. 14, 2021); *see also In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 89 (5th Cir. 1976) ("As a general rule, courts do not disqualify an attorney on the grounds of a conflict of interest unless the [] client moves for disqualification."); *Anzora v. Lezama*, 2019 WL 3334685, at *9 (D. Colo. July 24, 2019) ("Generally, courts do not consider claimed violations of ethics rules raised by nonclients."). Motions to disqualify opposing counsel are generally disfavored. *Banks v. Jackson*, 2022 WL 1451904, *9 (Sept. 9, 2022) (string citation omitted). Indeed, "courts have historically been highly cynical of motions to disqualify opposing counsel, noting that such motions are often dilatory or tactical devices." *Id.* (citation omitted). Nevertheless, some courts grant standing to an opposing party to disqualify counsel "where the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings." *Abbott v. Kidder Peabody & Co.*, 42 F. Supp. 2d 1046, 1050 (D. Colo. 1999); *see also Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (standing requires "(1) an

'injury in fact,' (2) sufficient 'causal connection between the injury and the conduct complained of' and (3) 'likl[ihood]' that the injury 'will be redressed by a favorable decision.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))).  This remains true even when moving to disqualify counsel.  *See Shapiro v. Rynek*, 2017 WL 121617, at *3 (D. Colo. Jan. 11, 2017) (concluding that the movant must have standing to bring a motion to disqualify opposing counsel).  Further, the moving party bears the burden of establishing the grounds for disqualification by alleging specific facts and not on the basis of speculation or conjecture.  *Banks,* 2022 WL 1451904, *9 (citations omitted).

The Court finds Plaintiff's Motion is not well taken.[4]

To begin, the Court agrees that the existing case law Plaintiff cites does not support his argument that when claims are made against individual defendants in both their official and personal capacities that separate counsel is required.  In *Johnson v. Board of County Com'rs for County of Fremont*, 85 F.3d 489 (10th Cir. 1989), the Tenth Circuit specifically addressed the potential conflict between the defenses available to a government official sued in his individual and official capacities.  85 F.3d at 493.  The Tenth Circuit held that when a potential conflict existed, it is permissible, but not required, for the official to have separate counsel for his two capacities.  The Tenth Circuit additionally stated that

> [i]n the service of these interests, we embrace the Second Circuit's procedure whereby counsel notifies the district court and the government defendant of the potential conflict, the district court determines whether the government defendant

---

[4] Plaintiff's Complaint brings claims against eighteen individual Defendants.  Plaintiff seeks to disqualify defense counsel who has been hired to represent the City of Rio Rancho, the Rio Rancho Police Department, and seventeen of the eighteen named individual Defendants.  Eight of these seventeen individual Defendants represented by defense counsel are being sued in both their official and individual capacities.  The remaining nine of the seventeen individual Defendants represented by defense counsel are being sued in their "private capacity as 3rd party conspirator."  Plaintiff's Motion argues that an actual conflict exists between the defenses available to the individual Defendants being sued in their official and individual capacities such that defense counsel should be disqualified from representing them in both capacities.

> fully understands the potential conflict, and the government defendant is permitted to choose joint representation.

*Id.* at 494.  Here, Defendants have represented that these interests, *i.e.,* the potential conflict when being sued in both official and individual capacities, are not present.  Additionally, the Tenth Circuit only requires separate counsel if a *potential* conflict turns into an *actual* conflict.  *Id.* at 493; *see also Galindo*, 127 F. App'x at 467-68 (reviewing a denied motion to disqualify and concluding no abuse discretion where facts and circumstances of case showed no actual conflict and fair proceedings); *Price*, 2023 WL 8530155, at *2-3 (finding that waiver signed by individual defendant was sufficient to address potential conflict involving attorney's representation of individual and municipal defendant).  Here, Plaintiff has presented no evidence that a potential let alone actual conflict exists at this stage of the proceedings to warrant disqualifying defense counsel or requiring separate counsel.

Next, the Court finds that Plaintiff has failed to establish he has standing to bring this Motion.  First, Plaintiff is not a client of the counsel he seeks to disqualify.  Second, Plaintiff argues only that defense counsel's joint representation "forces . . . taxpayers . . . to subsidize the defense of private misconduct" and undermines confidence in public litigation.[5]  This broad and unsupported conclusory allegation, however, is insufficient and fails to allege the specific facts necessary to demonstrate an injury in fact to Plaintiff, demonstrate any causal connection between an alleged injury to Plaintiff and the alleged conflict, or that the alleged injury to Plaintiff will be redressed by disqualifying defense counsel.  And third, Plaintiff has not alleged any specific facts demonstrating that the "interests of the public are so greatly implicated that an

---

[5] Plaintiff improperly refers to defense counsel as the "City Attorney."  Doc. 6 at 117.  Defense counsel is not the City of Rio Rancho's City Attorney but instead is outside counsel hired to represent, *inter alia,* the City of Rio Rancho in this matter.

9

apparent conflict of interest may tend to undermine the validity of the proceedings." *Abbott,* 42 F. Supp. 2d at 1050. 1046 (D. Colo. 1999).

## IV.

## CONCLUSION AS TO MOTION

For all of the foregoing reasons, the Court finds Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants In their Personal Capacities is not well taken and is **DENIED WITHOUT PREJDUICE.** The Court cautions Plaintiff against refiling without a sufficient legal and factual basis for alleging that an actual conflict exists based on evidence in this case. "Specific facts must be alleged and counsel cannot be disqualified on the basis of speculation or conjecture." *Banks*, 2022 WL 1451904, *9 (citations omitted).

**IT IS SO ORDERED.**

## V.

## PLAINTIFF'S NONEXISTENT AUTHORITIES AND A WARNING

The Court is mindful that Plaintiff filed this Motion prior to his case being removed to this Court. The Court is also mindful that its warning to Plaintiff regarding his citations to nonexistent cases and/or case law that misleads and falsely represents to the Court legal support for the argument presented came after Plaintiff filed the Motion addressed here. *See Lowrey v. City of Rio Rancho, et al.,* 2025 WL 3089580, *7-11 (D.N.M. Nov. 5, 2025) (warning Plaintiff of sanctions regarding legal filings that contain nonexistent cases and/or citations to case law that misleads and falsely represents to the Court legal support for the arguments presented). That said, Plaintiff has cited case law in this Motion that does not exist. *See* fn. 3, *infra.* The Court, therefore, takes this opportunity to remind Plaintiff that it will not tolerate citations to nonexistent cases and/or to case law that misleads and falsely represents to the Court legal

support for the arguments presented. The Court further reminds Plaintiff that sanctions may result should Plaintiff submit filings that rely on non-existent, false or misleading authority.

    **IT IS SO ORDERED.**

                                            **JOHN F. ROBBENHAAR**
                                            **United States Magistrate Judge**
                                            **Presiding by Consent**