IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

     Plaintiff,

v.                                     No. 1:25-cv-00849-JFR-LF

CITY OF RIO RANCHO,
RIO RANCHO PUBLIC SCHOOLS,
RIO RANCHO POLICE DEPARTMENT,
CONNIE PETERSON, in her official and individual capacities,
LORENZO GREEN, in his official and individual capacities,
NOAH TRUJILLO, in his official and individual capacities,
BRANDON MAEZ, in his official and individual capacities,
ELLIANA LURY, in her official and individual capacities,
MATT GEISEL, in his official and individual capacities,
JOSH RUBIN, in his official and individual capacities,
LAWRENCE SAMUEL, in his official and individual capacities,
MIKE McDERMOTT, in his private capacity as 3rd party conspirator,
TORENZO JOHNSON, in his private capacity as 3rd party conspirator,
STEPHEN SMITH, in his private capacity as 3rd party conspirator,
THERESA SMITH, in her private capacity as 3rd party conspirator,
MELISSA MONTOYA, in her private capacity as 3rd party conspirator,
ANA KUNY SLOCK, in her private capacity as 3rd party conspirator,
RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,
BIANCA FISHER, in her private capacity as 3rd party conspirator,
MICHAEL FISHER, in his private capacity as 3rd party conspirator,
BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,

     Defendants.

### **ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**

THIS MATTER comes before the Court on the motion of defendants The City of Rio

Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence

Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Lorenzo Green, Theresa

Smith, Stephen Smith, Torenzo Johnson, Bianca Fisher, Michael Fisher, Melissa Montoya, Ana

Kuny Slock, Raquel DeTomasso, and Michael McDermott (collectively "Rio Rancho

Defendants") to stay discovery (Doc. 8).  Rio Rancho Defendants noted in their motion that plaintiff Jarrod Lowrey opposed the motion.  Doc. 8 at 1 n.1.  Plaintiff filed a response on September 22, 2025.  Doc. 22.  Plaintiff's response addresses both Rio Rancho Defendants' Motion to Dismiss (Doc. 10) and Motion to Stay Discovery at the same time; this order only concerns the Motion to Stay Discovery.  For the following reasons, the Court will grant Rio Rancho Defendants' motion and stay discovery pending the Court's decision on the Motion to Dismiss.

On September 8, 2025, plaintiff filed an emergency motion to remand the case back to state court (Doc. 16), and plaintiff asked the Court to delay ruling on the Motion to Stay Discovery until the motion to remand was decided.  Doc. 22 at 3–4.  Plaintiff argued that a decision on the motion to stay would be premature while a challenge to the Court's subject matter jurisdiction is pending.  *Id.* at 2–4.  On November 5, 2025, U.S. Magistrate Judge John Robbenhaar issued an order denying Plaintiff's emergency motion to remand.  *See* Doc. 48.

On September 5, 2025, the Rio Rancho Defendants filed a motion asking the Court to dismiss plaintiff's claims against them based in part on their argument that certain individual defendants are entitled to qualified immunity on the 42 U.S.C. § 1983 claims against those defendants.  Doc. 10 at 12–20.  It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery."  *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)).  The Supreme Court repeatedly has emphasized the importance of resolving the issue of qualified immunity early on in the litigation.  *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).  The defense of qualified immunity does not create immunity from all discovery, but

only from "broad-reaching discovery," and "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009). Standard practice in this district is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised by a motion to dismiss or for summary judgment. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, at *10 (D.N.M. Dec. 20, 2012). In line with this practice, the Court will stay discovery until the Rio Rancho Defendants' motion to dismiss (Doc. 10) has been decided.

IT IS THEREFORE ORDERED that Rio Rancho Defendants' Motion to Stay Discovery filed September 5, 2025 (Doc. 8) is GRANTED. Discovery in this case shall be stayed, as to all defendants, pending resolution of the Rio Rancho Defendants' Opposed Motion to Dismiss the Complaint and Qualified Immunity (Doc. 10), or until further order of the Court.

Laura Fashing
United States Magistrate Judge