# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

      **Plaintiff,**

    **vs.**　　　　　　　　　　　　　　　　　　　　　**Civ. No. 25-849  JFR/LF**

**CITY OF RIO RANCHO,**
**RIO RANCHO PUBLIC SCHOOLS,**
**RIO RANCHO POLICE DEPARTMENT,**
**CONNIE PETERSON, in her official and individual capacities,**
**LORENZO GREEN, in his official and individual capacities,**
**NOAH TRUJILLO, in his official and individual capacities,**
**BRANDON MAEZ, in his official and individual capacities,**
**ELLIANA LURY, in her official and individual capacities,**
**MATT GEISEL, in his official and individual capacities,**
**JOSH RUBIN, in his official and individual capacities,**
**LAWRENCE SAMUEL, in his official and individual capacities,**
**MIKE McDERMOTT, in his private capacity as 3rd party conspirator,**
**TORENZO JOHNSON, in his private capacity as 3rd party conspirator,**
**STEPHEN SMITH, in his private capacity as 3rd party conspirator,**
**THERESA SMITH, in her private capacity as 3rd party conspirator,**
**MELISSA MONTOYA, in her private capacity as 3rd party conspirator,**
**ANA KUNY SLOCK, in her private capacity as 3rd party conspirator,**
**RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,**
**BIANCA FISHER, in her private capacity as 3rd party conspirator,**
**MICHAEL FISHER, in his private capacity as 3rd party conspirator,**
**BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,**

      **Defendants.**

## ORDER DENYING MOTION[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Required Evidentiary Hearing* ("Motion"), filed November 21, 2025.  Doc. 51.  On December 5, 2025, Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case.  Doc. 37.

Stephen Smith, Torenzo Johnson, Bianca Fisher, Michael Fisher, Melissa Montoya, Ana Kuny

Slock, Raquel DeTomasso, and Michael McDermott ("City Defendants") filed a Response.

Doc. 52.  On December 5, 2025, Defendants Rio Rancho Public Schools and Bobbie Martinez

("School Defendants") filed a Response.  Doc. 53.  On December 19, 2025, Plaintiff filed a

Reply.  Doc. 58.  After examining the arguments, the record, and the relevant law, the Court finds

that Plaintiff's Motion is not well taken and is **DENIED**.

## I.  RELEVANT PROCEDURAL BACKGROUND

On July 28, 2025, Plaintiff Jarrod Lowrey, who is proceeding *pro se*,[2] filed a Complaint

in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, against the

City of Rio Rancho, Rio Rancho Public Schools, Rio Rancho Police Department, and eighteen

individuals in their official, individual, private and/or third-party conspirator capacities.  Doc. 6

at 1-19.  On August 22, 2025, prior to removal, Plaintiff filed a *Motion to Disqualify City

Attorney From Representing Individual Defendants In their Personal Capacities*.  Doc. 5 at 115-

118.  On August 29, 2025, Defendants City of Rio Rancho, Rio Rancho Police Department, Matt

Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon

Maez, Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson filed a Notice of

Removal based on Plaintiff's alleged violations of federal statutes and the United States

Constitution over which this Court has federal question jurisdiction pursuant to 28 U.S.C.

§ 1331.  Doc. 1.  On September 8, 2025, Plaintiff filed an *Emergency Motion to Remand*

alleging, *inter alia*, the Notice of Removal was procedurally defective.  Doc. 16.

---

[2] While pleadings from *pro se* litigants are construed liberally, *pro se* litigants are obligated to comply with the rules of civil procedure.  *Ogden v. San Juan Cty*., 32 F.3d 452, 455 (10th Cir. 1994); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("liberal treatment [for *pro se* litigants] is not without limits, and this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted).

On November 5, 2025, the Court entered an Order Denying Plaintiff's Emergency Motion to Remand and Issuing Warning Regarding Possible Sanctions.  Doc. 48.  On November 13, 2025, the Court entered an Order Denying Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants In Their Personal Capacities.  Doc. 49.

Now before the Court is Plaintiff's *Motion for Evidentiary Hearing*.  Plaintiff argues that an evidentiary hearing is required to determine whether federal jurisdiction exists.  Doc. 51 at 1. In doing so, however, Plaintiff reasserts his arguments that the Notice of Removal is *procedurally* defective for various reasons and that defense counsel should be disqualified due to an impermissible conflict of interest between defendants.  *Id.* at 1-7.  Because Plaintiff's arguments as to these issues were fully briefed and addressed in the Court's November 5, 2025, and November 13, 2025, Orders, and because Plaintiff's Motion does not present any argument or evidence demonstrating a defect in subject matter jurisdiction,[3] the Court construes Plaintiff's Motion as one for reconsideration.  *See Huffman v Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (making clear that a procedural defect in removal does not involve the subject matter jurisdiction of the court).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not address motions for reconsideration.  *See Neri v. Bd. of Educ. for Albuquerque Pub. Schs.*, CIV 19-8 JCH/SCY, 2020 WL 108379, at *1 (D.N.M. Jan. 9, 2020) (quoting *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)).  Interlocutory orders entered by a court, however, are not

---

[3] Here, Plaintiff brings nineteen claims against Defendants alleging violations of the Individuals With Disabilities Act, the First Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution, the New Mexico Human Rights Act, the New Mexico Civil Rights Act, the New Mexico Tort Claims Act, and New Mexico common law.  Doc. 6 at 1-19.  Thus, removal here was based on Plaintiff's alleged violations of federal statutes and the United States Constitution over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

final judgments and reconsideration of such an order is subject to the discretion of the court. *Id.* at \*1. Federal Rule of Civil Procedure 54(b) generally grants district courts discretion to revise interlocutory orders at any time prior to entry of final judgment. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Rule 54(b) and stating it "is within the District Court's discretion to revise [its] interlocutory orders prior to entry of final judgment"). In reviewing an interlocutory order, the court may but "is not required to apply the standards of Rule 59(e)[.]" *Neri*, 2020 WL 108379, at \*1; *see also Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010) (noting a court moved to reconsider an interlocutory order may apply the legal standards applicable to a Rule 59(e) motion).

Under Rule 59(e), a court may grant a motion for reconsideration when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not, however, an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of the Paraclete*, 204 F.3d at 1012).

### III. DISCUSSION

#### A.    Plaintiff's Motion

In his Motion, Plaintiff argues that an evidentiary hearing is necessary to determine "whether federal jurisdiction exists" and "whether removal was improvident due to fundamental defects in attorney authority, unanimity, conflicts of interest, timeliness, and compliance with the

4

strict statutory requirements of 28 U.S. §§ 1441 and 1446." Doc. 51 at 1. Plaintiff's Motion proceeds to address the same arguments he previously raised in support of remand and disqualification of counsel. For instance, Plaintiff argues that (1) Attorney Wilkey failed to obtain consents from unrepresented individual defendants at the time of removal and that certain unrepresented defendants were subsequently "improperly grouped" with the City Defendants; (2) the School Defendants failed to timely file a notice of consent with the Court; (3) Plaintiff was entitled to and deprived of communications between and amongst defendants regarding their consent to removal; and (4) Attorney Wilkey failed to obtain conflict-of-interest waivers from the individual defendants he represents who have adverse interests to the City of Rio Rancho. *Id.* at 1-6. Plaintiff argues that because removal is procedurally defective, the question of federal subject matter jurisdiction remains unanswered. *Id.*

Plaintiff asserts this Court is *required* to hold a hearing on these issues and adds that this Court's failure to do so in the face of conflicting evidence constitutes prejudicial treatment of Plaintiff as a *pro se* litigant. Doc. 51. In support of a *required* hearing, Plaintiff cites *Johnson v. Board of County Com'rs for County of Fremont*,[4] stating "[u]nder *Johnson*, when material jurisdictional facts are disputed, the district court must allow evidence through an evidentiary hearing. Conflicting factual assertions cannot be resolved through written submission alone." Doc. 51 at 2. Plaintiff cites *Galindo v. Town of Silver City*,[5] stating "[t]he Tenth Circuit requires fact-finding when attorney authority or removal consent is disputed. Courts may not assume authority or consent in the face of contradictory evidence." *Id.* Plaintiff cites *Price v.*

---

[4] 85 F.3d 489 (10th Cir. 1996).

[5] 127 F. App'x 459 (10th Cir. 2005).

*Whitten/City of Las Cruces*,[6] stating "*Price* mandates conflict-of-interest waivers when a lawyer represents multiple defendants with divergent interests.  If waivers are disputed or absent, the Court must hold an evidentiary hearing."  *Id.*  Finally, Plaintiff cites New Mexico Rule 16-107(A)(2), stating "Rule 16-107(A)(2) prohibits representation where there is a significant risk of conflict.  Actual conflict is not required.  No informed written waivers exist for the nineteen defendants Wilkey purported to represent, requiring a hearing."  *Id.*

Plaintiff also cites case law for the legal standards and governing principles applicable to the removal statutes generally and argues that the Court's decision denying remand is "legally untenable and contradicts Supreme Court and Tenth Circuit precedent."  Doc. 51 at 3-4.

### B.        School Defendants' Response

In Response, the School Defendants ask this Court to deny Plaintiff's Motion and impose sanctions for Plaintiff's continued use of case law that misleads and falsely represents legal support for the arguments presented and for unreasonably and vexatiously multiplying the proceedings in this case.  Doc. 52 at 1-2.  The School Defendants assert that Plaintiff fails to cite any legal authority to support his argument that an evidentiary hearing is required in this matter and to the extent Plaintiff is asking this Court to reconsider its orders, Plaintiff has failed to demonstrate any grounds warranting reconsideration.  *Id.* at 3-8.  The School Defendants assert that Plaintiff simply reiterates many of the same arguments in his *Emergency Motion to Remand* and Plaintiff's *Limited Response in Opposition to Defendant's Motions to Dismiss and Motion to Stay Discovery*.  *Id.*  The School Defendants assert that the Court previously addressed the case law Plaintiff cites in his Motion and found it did not support his arguments for disqualification

---

[6] 2023 WL 8530155 (D.N.M. Dec. 8, 2023).

and that Plaintiff now improperly relies on these same cases to support his argument that an evidentiary is required.  *Id.*

The School Defendants assert that Plaintiff's claims of "fundamental defects in attorney authority, unanimity, conflicts of interest, timeliness, and compliance with the strict statutory requirements of 28 U.S.C. §§ 1441 and 1446" have already been addressed in his prior briefings and it is not appropriate to revisit these issues on reconsideration.  *Id.*  The School Defendants assert that Plaintiff has not asserted an intervening change in the controlling law or presented new evidence, and that "no matter how 'deeply disputed' his claims may be, Plaintiff's disagreement with the Court's ruling does not equate to a need to correct clear error or prevent manifest injustice."  *Id.*  The School Defendants assert that the Court's orders are not in any way prejudicial to Plaintiff as a *pro se* litigant and an unfavorable ruling does not, in and of itself, call into question the impartiality of this Court.  *Id.* (citing *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006)).

In sum, the School Defendants assert that by requesting a hearing on this matter, Plaintiff is not only asking the Court for a third bite at the apple but is also asserting that as a *pro se* litigant he is entitled to favorable treatment by the Court.

The School Defendants seek sanctions against Plaintiff for his bad faith conduct in defiance of this Court's warning.  Doc. 52 at 8-10.  The School Defendants cite to the Court's November 5, 2025, Order in which it issued a warning to Plaintiff regarding his citations to nonexistent cases and/or to case law that misleads and falsely represents legal support for arguments presented.  *Id.*  The School Defendants assert that each time Plaintiff files a motion, his duty to present nonfrivolous arguments and legal contentions supported by existing law is triggered.  *Id.*  The School Defendants assert that despite the Court's warning and Plaintiff's

duty, Plaintiff refuses to accept the Court's rulings, has asserted unsupported legal arguments, and continues to cite case law which is misleading and falsely represents to the Court legal support for his arguments. *Id.*

### C.    City Defendants' Response

The City Defendants contend that Plaintiff's Motion for a hearing is an effort to gain reconsideration of the Court's November 5, 2025, and November 13, 2025, Orders. Doc. 53 at 2. The City Defendants contend that here the Court has not misapprehended the facts, the parties' positions, or the controlling law, and Plaintiff's Motion seeks to revisit arguments on issues that the Court has already decided. *Id.* at 2-3.

The City Defendants contend that the case law upon which Plaintiff relies for an evidentiary hearing is inapplicable. Doc. 53 at 3-6. The City Defendants argue "[n]othing in *Johnson* bears on federal jurisdiction, the propriety or removal, or entitlement to an evidentiary hearing when federal jurisdictional facts are in dispute." *Id.* The City Defendants similarly contend that "*Galindo* does not stand for the supposition that an *evidentiary* hearing is required in the context of a motion to disqualify counsel who represents government officials sued in both their individual and official capacities" nor does it support that "fact-finding" is required when "attorney authority or removal consent is disputed." *Id.* The City Defendants contend that *Price* also does not stand for the supposition advanced by Plaintiff that an evidentiary hearing is required in the context of a motion to disqualify counsel who represents government officials sued in both their individual and official capacities. *Id.* The City Defendants contend that, to the contrary, the court in *Price* determined that representations made by counsel that there were no claims at issue that the individual defendant was acting outside the scope of employment, similar to the representations made here, were sufficient to dispel any questions about an actual conflict.

8

*Id.* The City Defendants further contend that Plaintiff's requested disclosure of conflict waivers seeks privileged communications for which Plaintiff has failed to establish he is entitled.[7] *Id.*

In sum, the City Defendants contend that Plaintiff's citation to cases in support of seeking an evidentiary hearing and/or regarding remand offers no basis for reconsideration, fails to establish an intervening change in the controlling law, offers no new evidence, and "utterly fails to establish the necessity to correct clear error or prevent manifest injustice." *Id.* Instead, the City Defendants contend Plaintiffs is seeking to revisit issues already addressed. *Id.*

### D.    Plaintiff's Reply

Plaintiff argues that his Motion is not one for reconsideration but is a "jurisdictional fact-finding request that the Court is required to resolve." Doc. 59 at 1. Plaintiff states that an evidentiary hearing is required to "establish [this Court's] jurisdiction" and is necessary "to correct the ongoing unlawful posture by the Magistrate and the defense attorneys." *Id.* Plaintiff's Reply proceeds over numerous pages to challenge the Court's November 5, 2025, and November 13, 2025, Orders; argue that Defendants failed to respond to his "well-supported argument for an evidentiary hearing" thereby waiving their opposition; and posit that this Court's denial of an evidentiary hearing would amount to a "determination completely void of any adversarial process, via sua sponte, in error." Doc. 59 at 1-2, 2-16.

In response to the School Defendants' request for sanctions, Plaintiff states, *inter alia*, that

> [n]ot only did the Counselors not oppose the motion out of fear of being exposed before the Court, but they also obfuscated their obligations by rewriting Plaintiff's motion for him. Their whole opportunity to show their opposition of the motion or to show evidence for a lack of necessity for a hearing was intentionally squandered in bad faith. Not only has [sic] the counselors falsely asserted to represent all clients

---

[7] Defense counsel adds, *inter alia*, that, "[w]ithout waiving any protections for confidential communications that are privileged, undersigned counsel has complied with all Rules of Professional Conduct related [to] potential conflicts of interest." Doc. 53 at 6, fn. 1.

at the time of removal and to the current, but now one of the counsel, appears to echo the Magistrate's already debunked theory that a pro se Plaintiff should be sanctioned for raising jurisdictional arguments, which, by law may be raised at any time.

Doc. 58 at 16. Plaintiff accuses the Court of having a "documented history of" and "unceasing" bias; that the Court has attempted to "falsely equivocate one or two good faith errors into a slew of '*AI hallucinations*' without any proof"; that defense counsel "through the Magistrate's dog whistling" are ganging up on him and falsely accusing him of wasting their time; that Plaintiff is being denied his choice of forum rights; that Defendants are withholding evidence regarding representation and conflict-of-waiver by unlawfully claiming attorney client privilege; and that the Court and defense counsel have pushed a false narrative regarding a circuit split over removal statutes. *Id.* at 16-18. Plaintiff argues he has the "lawful authority to raise jurisdictional objections at any time throughout this case." *Id.*

Plaintiff asserts that a sanction against him "open[s] the Magistrate up to the sanction of being reassigned, and opens the counselors up to violating ABA ethics, especially knowing they are knowingly pushing for the Court to break the laws of the 10th Circuit and SCOTUS." *Id.* at 18.

## E.   Analysis

As previously stated, and despite Plaintiff's characterization of his Motion as one for jurisdictional review, the Court construes Plaintiff's Motion as one for reconsideration of its November 5, 2025, and November 13, 2025, Orders.

### 1.    Issues Related to Remand

Shortly after the Notice of Removal was filed in this Court, Plaintiff timely filed an *Emergency Motion to Remand*.  Doc. 16.  Plaintiff raised three grounds,[8] but central to his motion there and the focus of his Motion here is that the Notice of Removal was *procedurally* defective because it failed to satisfy the unanimity rule.  In its November 5, 2025, Order denying Plaintiff's motion to remand, the Court took up Plaintiff's arguments that included, *inter alia*, that defense counsel lacked the authority to consent to removal on behalf of certain unrepresented individual defendants and that those defendants were subsequently improperly grouped with the City Defendants;[9] that the School Defendants were required to separately file a notice of consent; and that Plaintiff was entitled to communications between and amongst Defendants regarding their consent to removal.  Doc. 48 at 4-13.  The Court went to great lengths to discuss the differing approaches between circuits with respect to satisfying the unanimity requirement when removing and also devoted considerable space to discussing the differing approaches within this District.  *Id.*  Having done so, the Court concluded that

> [t]he removing Defendants' active conferral with and obtaining the non-removing defendants' consent and noting such consent in their Notice of Removal, combined with the non-removing Defendants' activity in the federal lawsuit at the time of and shortly after removal, is sufficient to show unanimity.

---

[8] Plaintiff argued in his Motion to Remand that remand is warranted because (1) the Notice of Removal is defective; (2) his claims are best litigated in state court due to complex state law issues, local interests, and convenience of the parties; and (3) Plaintiff had motions pending in state court before removal that are best resolved by the state court already familiar with his case and because their prompt resolution was improperly interrupted by removal.  Doc. 16 ay 5-18.

[9] As detailed in the Court's November 5, 2025, Order, on August 29, 2025, Attorney Wilkey filed a Notice of Removal and Entry of Appearance on behalf of the City Defendants and eleven individually named Defendants.  Doc. 48 at 2-3 (citing Docs. 1 and 3).  On September 5, 2025, Attorney Wilkey entered an Amended Entry of Appearance on behalf of the six remaining and previously unrepresented individually named Defendants.  *Id.* (citing Doc. 7).

*Id.* at 10.  The Court also explained that Defendants were under no statutory obligation to consult with or provide Plaintiff with consent communications prior to removal.  *Id.* at 13.  Indeed, the federal removal statute explicitly provides that only properly joined and served defendants are required to join in or consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

In Plaintiff's Motion before the Court now, he raises the same issues with respect to his alleged procedural deficiencies in the City Defendants' Notice of Removal; *i.e.,* that defense counsel lacked authority to obtain consent from unrepresented individual defendants for removal and that the unrepresented defendants were subsequently "improperly grouped" with the City Defendants; that the School Defendants failed to timely file a notice of consent; and that Plaintiff was entitled to and deprived of communications between and amongst defendants regarding their consent to removal.  Doc. 51.  Plaintiff's arguments, therefore, have already been addressed and resolved by the Court.

Moreover, Plaintiff persists in his position that subject matter jurisdiction has yet to be established and remains in question.  Plaintiff is mistaken.  Removal divests the state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court.  *Bruley v. Lincoln Property Co., N.C., Inc.,* 140 F.R.D. 452 (D. Colo., 1991) (Removal of a state action to federal court immediately divests state court of jurisdiction) (citing 28 U.S.C. § 1446)).  Additionally, removal here was based on Plaintiff's alleged violations of federal statutes and the United States Constitution over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Plaintiff has not raised any subject matter jurisdiction defects.  Finally, the Court addressed Plaintiff's arguments with respect to alleged procedural deficiencies in removal and concluded there are none.  Doc. 48.  Plaintiff, therefore, has failed to demonstrate that the Court has misapprehended

the facts, Plaintiff's position, or the controlling law with respect to his alleged procedural defects in the Notice of Removal.  Instead, Plaintiff improperly seeks to revisit issues already addressed by this Court.

### 2.   Issues Related to Disqualification

Prior to this case being removed, Plaintiff filed a Motion to Disqualify City Attorney From Representing Individual Defendants in Their Personal Capacities.  Doc. 6 at 115-118. Therein, Plaintiff moved to "disqualify defense counsel representing the City of Rio Rancho, or any counsel funded by the City, from representing individually named defendants in their personal capacities" because of an "impermissible conflict of interest."  *Id.*  Plaintiff cited *Johnson*, *Galindo*, and *Price* for the premise that "the Tenth Circuit has expressly held that when municipal and individual-capacity defenses diverge, separate counsel is required."  Doc. 6 at 116. In response, the City Defendants represented that there are no claims at issue that any of the individual defendants who have been sued in their official and individual capacities were acting outside the course and scope of their employment with the City such that a "divergence of defenses" does not exist.  Doc. 13 at 4-5.  The City Defendants disputed the applicability of the case law Plaintiff cited and further argued Plaintiff lacked standing to bring the motion.  *Id.* at 6-8.

In its November 13, 2025, Order, the Court addressed Plaintiff's arguments.  Doc. 49. The Court concluded that the case law Plaintiff cited did not support his arguments; that Plaintiff had not presented evidence of a potential let alone an actual conflict at this stage of the proceedings; and that Plaintiff had failed to establish standing to bring his motion because he is not a client seeking disqualification, had not shown an injury-in-fact, and had not alleged any

specific facts demonstrating that the interests of the public are so greatly implicated as to undermine the validity of the proceedings. *Id.* at 6-10.

In Plaintiff's Motion before the Court now, Plaintiff raises the same issues with respect to an alleged conflict of interest requiring separate counsel and adds, without more, that defense counsel should be required to produce conflict-of-interest waivers and that absent evidence of waivers defense counsel did not have the authority to consent on behalf of individual defendants unrepresented at the time of removal.  Doc. 51.  The Court has already considered and addressed Plaintiff's arguments.  Doc. 49 at 8-10.  Moreover, Plaintiff has failed to demonstrate that the Court has misapprehended the facts, Plaintiff's position, or the controlling law with respect to motions seeking the disqualification of counsel.  Instead, Plaintiff improperly seeks an opportunity to revisit issues already addressed by this Court or advance arguments that could have been raised earlier.

### 3.     Case Law Cited Does Not Support a "Required Evidentiary Hearing"

Plaintiff mispresents and misleads the Court as to the holdings and legal authority for a required evidentiary hearing.

Plaintiff asserts that "[u]nder *Johnson*, when material jurisdictional facts are disputed, the district court must allow evidence through an evidentiary hearing.  Conflicting factual assertions cannot be resolved through written submission alone."  Doc. 51 at 2.  In *Johnson*, the Tenth Circuit addressed whether an attorney had violated Colorado Rules of Professional Conduct by representing a government actor in his official capacity only.  85 F.3d at 493-94.  The Tenth Circuit explained that the lawyer for the government actor had failed to demonstrate that she consulted with the government actor "about the mechanics of § 1983 and the exposure he was facing in his individual capacity or brought the matter to the district court's attention."  *Id.* at

494.  The Tenth Circuit concluded, therefore, that the attorney had improperly limited her representation without her client's consent.  *Id.* at 494.  The Tenth Circuit affirmed the district court and held that the "attorney violated Colorado Rules of Professional Conduct that permits attorney to limit objectives of her representation only if client consents after consultation."  *Id.* The questions of jurisdiction or circumstances warranting an evidentiary hearing are not at issue or addressed in this case.

Plaintiff cites *Galindo v. Town of Silver City*,  stating "[t]he Tenth Circuit requires fact-finding when attorney authority or removal consent is disputed.  Court may not assume authority or consent in the face of contradictory evidence."  Doc. 51 at 2.  In *Galindo*, plaintiffs filed an action pursuant to 42 U.S.C. § 1983 alleging defendants violated their Fourth Amendment rights to reasonable searches and seizures.  127 F. App'x at 462-463.  The district court ultimately granted summary judgment in favor of defendants.  *Id.*  Plaintiffs appealed the district court's summary judgment orders and the district court's denial of plaintiffs' motion to disqualify the attorney for the city defendant based on his concurrent representation of individual defendants. 127 F. App'x at 467-68.  The Tenth Circuit held, *inter alia*, there was no actual conflict requiring separate representation for the individual defendants and affirmed the district court's denial of plaintiffs' motion to disqualify.  *Id.*  The questions of attorney authority to consent in removal proceedings or the necessity of "fact-finding" in the face of contradictory evidence in removal proceedings are not at issue in this case.

Plaintiff cites *Price v. Whitten/City of Las Cruces*,  stating "*Price* mandates conflict-of-interest waivers when a lawyer represents multiple defendants with divergent interests.  If waivers are disputed or absent, the Court must hold an evidentiary hearing."  Doc. 51 at 2.  In *Price*, the district court held a hearing prior to trial on thirteen pending motions.  2023 WL

8530155, at *1.  One motion sought a jury instruction on punitive damages and to resolve

"*Dunton* conflict" between individual and city defendants.[10]  *Id.*  Plaintiffs wanted assurances

that the individual defendant understood that the city could seek to recover from him any

punitive damages that the city might pay on his behalf.  *Id.* at *2.  The district court concluded

there was a potential waivable conflict involving defense counsel's representation of both the

municipal and individual defendants but that defense counsel's representation was permissible

based on the individual defendant's signed waiver and representations by defense counsel that

the city did not intend to argue that the individual defendant was acting outside the scope of his

duties.  *Id.* at *3.  Notably, the court in *Price* did not address the issue of whether an opposing

party could move to disqualify defense counsel based on his alleged impermissible

representation of a municipality and its employees sued in their official and individual capacities.

Further, the Court in *Price* did not address the issue of whether an opposing party could move to

disqualify defense counsel based on his alleged lack of authority to consent on behalf of multiple

unrepresented defendants in removing a case from state court.  Additionally, the court in *Price*

did not address the issue of whether an evidentiary hearing is required to resolve waiver disputes

in the context of a motion to disqualify counsel and/or removal proceedings.

Finally, Plaintiff cites New Mexico Rule 16-107(A)(2), stating "Rule 16-107(A)(2)

prohibits representation where there is a significant risk of conflict.  Actual conflict is not

required.  No informed written waivers exist for the nineteen defendants Wilkey purported to

represent, requiring a hearing."  *Id.*  Rule 16-107 describes when a concurrent conflict of interest

exists and when representation is permissible notwithstanding the existence of a concurrent

---

[10] *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984) (explaining potential conflict between defenses of municipality and its employees in § 1983 suits).

conflict of interest. *See* Doc. 49 at 6. Rule 16-107 does not require a hearing to establish the existence of or to address disputes over waivers.

In sum, none of the legal authority Plaintiff cites supports his argument that an evidentiary hearing is required to address whether federal jurisdiction exists in this case.

### F.      Sanctions

The School Defendants' request for sanctions is denied without prejudice. Although the Court declines to issue sanctions at this time, the Court restates its warning to Plaintiff regarding citations to nonexistent cases and/or case law that misleads and falsely represents to the Court legal support for the arguments presented. *See* Doc. 48 at 16-24.

The Court further advises Plaintiff to refrain from using the accusatory and disrespectful tone toward this Court and opposing counsel found throughout his Reply. Here, Plaintiff accuses the Court of having an "ongoing unlawful posture," "falsely representing that there is a 'circuit split' among the courts" on the issue of satisfying the unanimity requirement, and "ignor[ing] multiple Supreme Court and 10th Circuit law he finds inconvenient"; characterizes the undersigned as having a "documented history of" and "unceasing" bias against Plaintiff and is "dog whistling" opposing counsel to gang up on Plaintiff; and accuses opposing counsel of acting in bad faith, falsely obtaining or not obtaining consent prior to removal, falsely claiming to represent individual defendants, ganging up on Plaintiff "through the Magistrate's dog whistling," pushing a false narrative on the issue of satisfying the unanimity requirement, and "knowingly pushing for the Court to break the laws."

Plaintiff's offensive posture and accusations serve no legitimate purpose in advancing his case and places Plaintiff at risk of being sanctioned, including having his case dismissed. *See Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002) (stating the court has the inherent power

17

to regulate the activities of vexatious or abusive litigants after appropriate notice is given);

*United States v. Shaffer Equip, Co.*, 11 F.3d 450, 461 (4th Cir. 1993) ("Due to the very nature of

the court as an institution, it must and does have an inherent power to impose order, respect,

decorum, silence, and compliance with lawful mandates.  This power is organic, without need of

a statute or rule for its definition, and it is necessary to the exercise of all other powers.");

*Phillips v. Cary*, 638 F.2d 207, 208 (10th Cir. 1981) ("[I]f the complaint or other pleadings are

abusive or contain offensive language, they may be stricken *sua sponte* under the inherent

powers of the court."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir.

2005) (briefing that does little more than attempt to impugn the integrity of the presiding judge

will not be tolerated).

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion is not well-taken and is **DENIED**.

**IT IS SO ORDERED**.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**

18