# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

        **Plaintiff,**

        vs.                                          Civ. No. 25-849  JFR/LF

CITY OF RIO RANCHO,
RIO RANCHO PUBLIC SCHOOLS,
RIO RANCHO POLICE DEPARTMENT,
CONNIE PETERSON, in her official and individual capacities,
LORENZO GREEN, in his official and individual capacities,
NOAH TRUJILLO, in his official and individual capacities,
BRANDON MAEZ, in his official and individual capacities,
ELLIANA LURY, in her official and individual capacities,
MATT GEISEL, in his official and individual capacities,
JOSH RUBIN, in his official and individual capacities,
LAWRENCE SAMUEL, in his official and individual capacities,
MIKE McDERMOTT, in his private capacity as 3rd party conspirator,
TORENZO JOHNSON, in his private capacity as 3rd party conspirator,
STEPHEN SMITH, in his private capacity as 3rd party conspirator,
THERESA SMITH, in her private capacity as 3rd party conspirator,
MELISSA MONTOYA, in her private capacity as 3rd party conspirator,
ANA KUNY SLOCK, in her private capacity as 3rd party conspirator,
RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,
BIANCA FISHER, in her private capacity as 3rd party conspirator,
MICHAEL FISHER, in his private capacity as 3rd party conspirator,
BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,

        **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR REASSIGNMENT[1]

**THIS MATTER** is before the Court on Plaintiff's Motion for Reassignment to a

Different Magistrate Judge ("Motion"), filed December 3, 2025.[2]  Doc. 54.  On December 31,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case.  Doc. 37.

[2] Plaintiff's Motion fails to comply with Local Rules. D.N.M.-LR 7.5 ("The length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed twenty-seven (27) *double-spaced* pages." (emphasis added)); D.N.M.-LR 10.1 ("The left, right, and bottom margins must be at least 1 inch, the top margin must be at least 1½ inches. Except for footnotes and quotations, the text of all documents must

2025, Defendants filed their respective responses.  Docs. 62, 63.  On January 14, 2025, Plaintiff

filed his Replies.  Docs. 66, 67.  Having reviewed the arguments, the record, and the relevant

law, the Court finds that Plaintiff's Motion is not well taken and it is **DENIED**.

## I.  RELEVANT PROCEDURAL BACKGROUND

On July 28, 2025, Plaintiff Jarrod Lowrey, who is proceeding *pro se*,[3] filed a Complaint

in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, against the

City of Rio Rancho, Rio Rancho Public Schools, Rio Rancho Police Department, and eighteen

individuals in their official, individual, private and/or third-party conspirator capacities.  Doc. 6

at 1-19.  Plaintiff's Complaint is based on his and his son's participation in a fourth grade youth

basketball program in Rio Rancho, New Mexico.  *Id.*  Plaintiff brings nineteen claims against

Defendants alleging violations of the Individuals With Disabilities Act, the First Amendment of

the United States Constitution, the Fourteenth Amendment of the United States Constitution, the

New Mexico Human Rights Act, the New Mexico Civil Rights Act, the New Mexico Tort Claims

Act, and New Mexico common law.  *Id.*  On August 29, 2025, Defendants City of Rio Rancho,

Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel,

Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and

Torenzo Johnson filed a Notice of Removal based on Plaintiff's alleged violations of federal

statutes and the United States Constitution over which this Court has federal question jurisdiction

---

be double spaced.").  Plaintiff's Motion is seventy-four pages long and is not double-spaced and has non-traditional margins.  Although Plaintiff is *pro se*, the Court reminds Plaintiff that he is still required to abide by local and federal rules of procedure.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").

[3] While pleadings from *pro se* litigants are construed liberally, *pro se* litigants are obligated to comply with the rules of civil procedure.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

pursuant to 28 U.S.C. § 1331.[4]  Doc. 1.  On August 29, 2025, Attorney James Wilkey filed an Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, and Torenzo Johnson. Doc. 3.  On August 29, 2025, Attorney Jason Michael Burnette filed an Entry of Appearance on behalf of Defendants Rio Rancho Public Schools and Bobbie Martinez ("School Defendants"). Doc. 4.  On September 5, 2025, Attorney Wilkey entered an Amended Entry of Appearance on behalf of Defendants City of Rio Rancho, Rio Rancho Police Department, Matt Geisel, Josh Rubin, Connie Peterson, Lawrence Samuel, Lorenzo Green, Noah Trujillo, Brandon Maez, Elliana Lury, Theresa Smith, Stephen Smith, Torenzo Johnson, Raqueal DeTomasso, Bianca Fisher, Michael Fisher, Mike McDermott, Melissa Montoya, and Ana Kuny Slock ("City Defendants").

Prior to removal, on August 22, 2025, Plaintiff filed a *Motion to Disqualify City Attorney From Representing Individual Defendants In Their Personal Capacities*.  Doc. 6 at 115-118. Also prior to removal, on August 22, 2025, Plaintiff filed a *Motion for Preliminary Hearing on IPRA* (Doc. 6 at 119-124).

After removal, on September 5, 2025, the City Defendants filed a *Motion to Stay Discovery* and a *Motion to Dismiss for Failure to State a Claim and Qualified Immunity*. Docs. 8, 10.  On September 5, 2025, the School Defendants filed a *Motion to Dismiss Complaint*

---

[4] Pursuant to this District's Local Rules, on September 2, 2025, this case was randomly assigned to the undersigned as the trial Magistrate Judge to preside over all dispositive motions, evidentiary hearings and trial.  *See* D.N.M.LR-Civ. 73.1(a) (explaining the direct assignment and allocation of civil cases).  The parties were notified that their *"[c]onsent is strictly voluntary, and a party is free to withhold consent without adverse consequences."*  Doc. 5 (emphasis in original); *see also* D.N.M.LR-Civ. 73.1(b) (explaining a party's choice to consent to proceed before a magistrate judge).

pursuant to Rule 12(b)(6).  Doc. 9.  On September 8, 2025, Plaintiff filed an *Emergency Motion to Remand*.  Doc. 16.

On September 5, 2025, Defendant City of Rio Rancho voluntarily consented to have United States Magistrate Judge John F. Robbenhaar conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment.  Doc. 11.  On September 11, 2025, Defendants Rio Rancho Public Schools and Bobbie Martinez voluntarily consented to have United States Magistrate Judge John F. Robbenhaar conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment. Doc. 18.  On September 12, 2025, Plaintiff James Lowrey voluntarily consented to have United States Magistrate Judge John F. Robbenhaar conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment.  Doc. 19.  On September 23, 2025, Defendants Raquel DeTomasso, City of Rio Rancho, Bianca Fisher, Michael Fisher, Matt Geisel, Lorenzo Green, Torenzo Johnson, Elliana Lury, Brando Maez, Mike McDermott, Melissa Montoya, Connie Peterson, Rio Rancho Police Department, Josh Rubin, Lawrence Samuel, Stephen Smith, Thersa Smith, and Noah Trujillo voluntarily consented to have United States Magistrate Judge John F. Robbenhaar conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment.  Docs. 25-36.  On September 24, 2025, Defendant Ana Luny Slock voluntarily consented to have United States Magistrate Judge John F. Robbenhaar conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment.  Doc. 39.  The Court issued a Notice of Rule 73 Consent Received by All Parties.  Doc. 37.

On November 5, 2025, the Court entered an *Order Denying Emergency Motion to Remand and Issuing Warning Regarding Possible Sanctions*.  Doc. 48.  On November 13, 2025, the Court

4

entered an *Order Denying Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants in Their Personal Capacities*.  Doc. 49.

On November 21, 2025, Plaintiff filed a *Motion for Required Evidentiary Hearing* seeking reconsideration of the Court's November 5, 2025, and November 13, 2025, orders.[5]  Doc. 51.

On December 3, 2025, Plaintiff filed his *Motion for Reassignment to a Different Magistrate Judge* now before the Court.

## II.  ARGUMENTS

### A.    Plaintiff's Motion

Plaintiff moves for reassignment to a different magistrate judge pursuant to 28 U.S.C. § 455(a).  Doc. 54 at 1.  Plaintiff argues that reassignment is warranted due to "a demonstrated pattern of factual misstatements, clear legal errors, disregard of controlling Tenth Circuit and United States Supreme Court law, improper accusations directed at Plaintiff, *pro se* bias, and structural conflicts undermining the appearance and reality of impartial adjudication." *Id.*  In support, Plaintiff references the undersigned's "prior unlawful conduct in the RRPD case." Doc. 54 at 1-2 (citing *Lowrey v. Portis et al,* USDC NM Civ. No. 23-372 JCH/JFR).[6]  Plaintiff's

---

[5] The Court's Order denying Plaintiff's *Motion for Required Evidentiary Hearing,* which the Court construed as a motion to reconsider its November 5, 2025, and November 13, 2025, orders, is being filed concurrently herewith.

[6] On August 28, 2023, Plaintiff filed a Complaint against several Rio Rancho City police officers asserting a myriad of allegations based primarily on Plaintiff's interactions with law enforcement in the course of their involvement with Plaintiff, his minor child, and his minor child's mother, J.R.  *See Lowrey v. Portis et al,* USDC NM Civ. No. 23-372 JCH/JFR, Doc. 42.  Plaintiff claimed various violations of the Fourth and Fourteenth Amendments to the United States Constitution, the New Mexico Constitution, federal and state statutes, and the Rio Rancho Police Department Standards and Procedures Manual.  *Id.*  On March 20, 2024, Defendants filed a Motion for Summary Judgment Dismissing Counts 2-9.  *Id.* at Doc. 95.  On April 24, 2024, Defendants filed a Motion to Dismiss Counts 1 and 10 Through 14.  *Id.* at Doc. 114.

On August 20, 2024, the undersigned filed Proposed Findings and Recommended Disposition on Defendants' Motion to Dismiss Counts 1 and 10 Through 14.  *Id.* at Doc. 157.  On January 30, 2025, District Judge Judith C. Herrera entered a Memorandum Opinion and Order adopting in part and modifying in part Magistrate Judge Robbenhaar's Proposed Findings and Recommended Disposition (Doc. 157) and concurring fully in the recommended dismissal of Counts 1 and 10-14 of Plaintiff's Complaint.  *Id.* at Doc. 197.  District Judge Herrera, therefore, granted Defendants' Motion to Dismiss Counts 1 and 10-14 of Plaintiff's Complaint.  *Id.*  On May 7, 2025, District Judge Herrera entered

Motion devotes fifty-three pages to repeating and rehashing arguments he made in that case

which were addressed and decided.[7] *Id.* at 2-55. Plaintiff's case is currently on appeal.[8]

As for the case now before this Court, Plaintiff argues that the undersigned

issued an order denying remand in direct contradiction of binding Supreme Court
and Tenth Circuit law requiring strict construction of removal statutes, unanimous
consent, procedural compliance, and the bar on judicially expanding jurisdiction.
Instead, the Magistrate adopted a permissive standard that the Supreme Court has
explicitly rejected. He has also ignored multiple procedural defects that require
remand, including incomplete civil-cover sheets, lack of unanimous consent,
missing state-court records, missing conflict waivers, and the fact that removal was
objectively improvident.

Doc. 54 at 56.[9] Plaintiff argues that this Court has falsely presented case law regarding a circuit

split regarding removal statutes, has improperly overruled the Supreme Court by adopting an

unpublished local district case, has allowed removal out of animus for Plaintiff, has adopted

---

a Memorandum Opinion and Order denying Plaintiff's motion to reconsider her January 30, 2025, Memorandum Opinion and Order. *Id.* at Doc. 203.

On September 25, 2025, the undersigned filed Proposed Findings and Recommended Disposition on Defendants' Motion for Summary Judgment Dismissing Counts 2-9. *Id.* at Doc. 206. On December 9, 2025, District Judge Herrera entered a Memorandum Opinion and Order overruling Plaintiff's Objections (Doc. 207); adopting in part and modifying in part the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 206); granting Defendants' Motion for Summary Judgment Dismissing Counts 2-9 (Doc. 95); and dismissing with prejudice Plaintiff's federal claims asserted in Counts 2-9. Doc. 208. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims asserted in Counts 2-9, which were dismissed without prejudice. *Id.* On December 9, 2025, District Judge Herrera entered a Final Judgment. *Id.* at Doc. 209. On December 19, 2025, Plaintiff a Notice of Appeal as to District Judge Herrera's Final Judgment. *Id.* at Doc. 210.

[7] *Id.*

[8] *Id.*

[9] As noted in the Relevant Procedural Background, Section I *supra*, on August 22, 2025, prior to removal, Plaintiff filed a *Motion to Disqualify City Attorney From Representing Individual Defendants In their Personal Capacities*. Doc. 5 at 115-118. On September 8, 2025, Plaintiff filed an *Emergency Motion to Remand* alleging, *inter alia*, the Notice of Removal was procedurally defective. Doc. 16. On November 5, 2025, the Court entered an *Order Denying Plaintiff's Emergency Motion to Remand and Issuing Warning Regarding Possible Sanctions*. Doc. 48. On November 13, 2025, the Court entered an *Order Denying Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants In Their Personal Capacities*. Doc. 49. On November 21, 2025, Plaintiff filed a *Motion for Required Evidentiary Hearing* in which he reargued, *inter alia,* the alleged procedural deficiencies of the Notice of Removal and that defense counsel had an impermissible conflict in representing both the city and city employee defendants and/or had failed to produce waivers. Doc. 51.

defense counsel's narrative that "no conflict exists," has threatened sanctions against Plaintiff without cause,[10] has ignored Plaintiff's "higher authority case law citations," and has retaliated against Plaintiff for lawful appeals.  *Id.* at 56-72.  Plaintiff further asserts that the undersigned has a conflict of interest arising from "overlapping issues and judicial statements in Plaintiff's other cases."  *Id.* at 72 (referring to USDC NM Civ. No. 23-372 JCH/JFR).[11]  Plaintiff states that in that case the undersigned made "sweeping, disparaging judgments about Plaintiff's character, credibility, and intentions" and characterized Plaintiff as "dilatory, unprofessional, manipulative, dishonest, and unreasonable."[12]  *Id.* at 72-73.

Plaintiff argues that pursuant to 28 U.S.C. § 455(a), reassignment is mandatory where impartiality may reasonably be questioned.  *Id.* at 74.  Plaintiff requests that this case be reassigned to a different magistrate judge "to restore fairness, preserve the appearance of justice, and protect Plaintiff's constitutional rights."  *Id.*  Plaintiff further requests that all orders and judgments already filed in this case be vacated and that a newly assigned impartial judge "issue new rulings on the Motion to Remand and Motion for Disqualification."  *Id.*

---

[10] In the Court's Order Denying Remand, the Court issued a warning to Plaintiff that it will not tolerate citations to nonexistent cases and/or to case law that misleads and falsely represents to the Court legal support for the arguments presented.  *See* Doc. 48 at 16-24.  The Court identified two cases Plaintiff cited that do not exist and discussed eleven cases Plaintiff cited that falsely represented legal support.  *Id.*  The Court placed Plaintiff on notice that sanctions may result should Plaintiff continue to submit filings that rely on non-existent, false or misleading authority.  *Id.*

[11] *See* fn. 6, *supra*.

[12] On October 30, 2024, the undersigned entered a *Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings* setting forth the procedural history of the case that caused concern, including Plaintiff's "abusive and disrespectful tone," "dilatory tactics," and filing "frivolous motions or objections."  *See Lowrey v. Portis et al,* USDC NM Civ. No. 23-372 JCH/JFR, Doc. 185.  No sanctions were imposed, but Plaintiff was placed on notice that "[s]hould Plaintiff continue to file motions that lack controlling authority or that seek obviously improper relief…, the Court will consider imposing, or recommend that the district judge to impose, sanctions which could range from monetary penalties, to filing restrictions, to dismissal of Plaintiff's complaint."  *Id.*

**B.     School Defendants' Response**

The School Defendants first assert that Plaintiff's Motion fails to adhere to the page limits set out in the Local Rules of Civil Procedure for the District of New Mexico and ask the Court to strike the excess pages.  Doc. 62 at 3-4.

Next, the School Defendants assert that Plaintiff has not provided an objective basis for recusal pursuant to 28 U.S.C. § 455(a) and instead makes allegations and arguments that are self-serving and unsubstantiated with either objective facts or legal authority.  *Id.* at 4-7.  Here, the School Defendants assert that Plaintiff has made it clear that he disagrees with this Court's rulings but that an unfavorable ruling does not, in and of itself, call into question the impartiality of this Court.  *Id.* (citing *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006)).[13]  The School Defendants further assert that Plaintiff's claims regarding this Court's alleged "conflict of interest, [] sustained adversarial posture toward Plaintiff, and [] retaliatory response to Plaintiff's exercise of meaningful access to this Court" are undermined by the fact that Plaintiff consented to Judge Robbenhaar to "conduct all proceedings in this case."  *Id.*  The School Defendants add that any concerns Plaintiff may have had related to the Court's impartiality based on rulings in *Lowrey v. Portis, et al.,* USDC NM Civ. No. 23-372 JCH/JFR, could easily have been resolved by Plaintiff simply declining to indicate his consent which he did not do.  *Id.*

The School Defendants seeks sanctions against Plaintiff for unreasonably and vexatiously multiplying the proceedings in this case.

---

[13] The School Defendants also cite to an opinion by District Judge Kea W. Riggs who explained in rejecting similar allegations of collusion, discrimination, and bias made by Plaintiff in another case, "discontent with results does not equate to reversible error (or more sinisterly, imply discrimination against pro se litigants." *Lowrey*, 2025 WL 1331485, at fn. 1 (quoting *Lowrey v. Collela*, No. 1:24cv00225-KWR-LF, Mem. Op. and Order Denying Plaintiff's Mot. to Reconsider 5, ECF No. 7 (D.N.M. Mar. 28, 2025)).

### C.  <u>City Defendants' Response</u>

The City Defendants begin by detailing Plaintiff's "long and well-documented history of filing and losing civil lawsuits."  Doc. 63 at 2-5.  The City Defendants contend that Plaintiff also has a "long history of blaming defendants, counsel, and the Court for those losses" that includes "a vast and far-reaching conspiracy between defendants, their counsel, and the members of the judiciary, both state and federal, aimed at systematically thwarting his attempts to remedy the alleged numerous instances of wrongdoing against him."  *Id.*  The City Defendants list nine separate lawsuits in which Plaintiff has attacked numerous individuals and entities for what he perceives to be "defamation" and violation of his civil rights.  *Id.* (listing cases).

The City Defendants contend that there is no authority which would permit Plaintiff to "reassign" this case to a different United States Magistrate Judge and Plaintiff has not sought to withdraw his consent.  Doc. 63 at 5-14.  The City Defendants contend, however, that even if Plaintiff was seeking withdraw of his consent, "his bare allegations of bias and prejudice alone are insufficient to meet the 'extraordinary circumstances' requirement of 28 U.S. § 636(c)(4)."  *Id.*  The City Defendants contend that Plaintiff has waived any objection to proceeding before Magistrate Judge Robbenhaar because the prior holdings of which Plaintiff complains occurred before Plaintiff's consent to proceed in this case.  *Id.*

The City Defendants also contend that Plaintiff's Motion contains improper language and citations, *i.e.,* referring to Magistrate Judge Robbenhaar as "Magistrate" even though Plaintiff has been advised that it is improper to do so and should be discontinued; and listing misrepresentations Plaintiff makes with respect to case law.  *Id.* (citing cases).  And last, the City Defendants contend that Plaintiff's allegations of bias are without merit because, *inter alia,* Plaintiff (1) mischaracterizes the legal issue on remand; (2) improperly seeks to withdraw

consent based on adverse rulings; (3) has failed to cite any authority permitting him to invent

case law or the holdings of a case or that evidence of "*mens rea*" is required before sanctions can

be imposed for doing so; and (4) falsely alleges discrimination and being held to a higher

pleading standard due to his *pro se* status while engaging in contumacious and unprofessional

behavior for which licensed attorneys could be sanctioned.  *Id.*

        **D.**        **Plaintiff's Reply**

In Reply, Plaintiff argues that Defendants' responses failed to oppose his arguments

thereby conceding his Motion.  Docs. 66, 67.  Plaintiff argues that the School Defendants' page-

limit argument is "non-responsive, selectively applied, and reinforces the appearance of

adversarial posture."  *Id.*  Plaintiff argues that Defendants misstate the § 455(a) standard,

mischaracterize Plaintiff's showing, and conflate waiver with appearance of impartiality.  *Id.*

Plaintiff argues that Defendants' emphasis on page limits, consent, and Plaintiff's litigation

history substitutes form for substance and avoids the statute Plaintiff invoked.  *Id.*  Plaintiff

argues that the School Defendants' request for sanctions "without identifying any objectively

frivolous conduct" raises question whether Plaintiff "can receive neutral consideration of a

judicial-impartiality motion when the opposing parties urge the Court to punish the litigant for

filing it."  *Id.*  Plaintiff argues that Defendants' responses confirm "that the proceedings have

taken on an adversarial character inconsistent with the neutrality § 455(a) is designed to protect."

*Id.*

**III.  ANALYSIS**

        **A.**        **Legal Standards**

28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 provide that a District Court may refer any or

all proceedings in any civil matters to a magistrate judge with the consent of the parties.  "Upon

10

the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1).  After a civil case has been referred to a magistrate judge under 28 U.S.C. § 636(c)(1), a party does not have an absolute right to withdraw consent.  *Rivera v. Rivera*, 216 F.R.D. 655, 659 (D. Kan. 2003) (citing *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1020 (5th Cir. 1987) (rejecting "the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome"); *States v. Simmonds*, 179 F.R.D. 308, 311 (D. Colo. 1998) (citing *United States v. Neville*, 985 F.2d 992 (9th Cir.1993)).  Once a party has consented to proceed before a magistrate judge, there are two statutes that address the circumstances under which the consent may be withdrawn or under which the magistrate judge may be recused from the matter.

The first, 28 U.S.C. § 636(c)(4), provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."  Factors to consider in making this determination include:

> [U]ndue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se,* whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent.

*Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987) (internal citations omitted).  Further, a motion to withdraw consent to trial before a magistrate judge must be timely.  *See, e.g., United States v. Mortensen*, 860 F.2d 948, 950 (9th Cir. 1988) (holding that motion to

withdraw consent filed on the morning that retrial was scheduled to begin was not timely and appeared intentionally calculated to cause delay and interference), *cert. denied*, 490 U.S. 1036 (1989); *Carter,* 816 F.2d at 1021 (observing that court may consider undue delay in determining whether to permit withdrawal of consent and refusing to allow withdrawal of consent sought only after magistrate judge made unfavorable rulings).

The second, 28 U.S.C. § 455(a), provides that any "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455 enumerates specific standards for disqualification of trial judges.  It is meant to be self-enforcing and imposes an affirmative duty upon all judges to independently evaluate any facts that may cast doubt upon their impartiality.  The standard for recusal under 28 U.S.C. § 455(a) is one of objective reasonableness.  *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir. 1993).  Under § 455(a), a judge's interest in or relationship to a case and his or her bias or prejudice against persons involved in a case "*all* [must] be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.  Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'"  *Liteky v. United States*, 510 U.S. 540, 548 (1994) (emphasis in original) (quoting 28 U.S.C. § 455(a)).  Section 455(a) was enacted in 1974 "to promote public confidence in the integrity of the judicial process by replacing the subjective . . . standard with an objective test."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988), quoted in *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995); *Cooley*, 1 F.3d at 992.

Under § 455, a judge should recuse if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  *American Ready Mix v. Behles*, 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) (quoting *Hinman v. Rogers*, 831 F.2d 937, 938-39

12

(10th Cir. 1987) (per curiam)); accord *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000);

*United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994). Section 455(a) is subject to an

"extrajudicial source factor," which means that, at its base, alleged bias or prejudice must stem

from a source outside the judicial proceeding at hand and result in an opinion on the merits on

some basis other than what the judge learned from his participation in the case. *Liteky*, 510 U.S.

at 545 & n.1, 555 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Under the extrajudicial source factor, "judicial rulings alone almost never constitute a

valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Opinions formed by the

judge on the basis of facts introduced or events occurring in the course of the case, or of prior

proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-

seated favoritism or antagonism that would make fair judgment impossible. Judicial remarks

during the course of the proceedings, even if they are critical or disapproving of, or even hostile

to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Such remarks may do so only if they reveal an opinion that derives from an extrajudicial source.

*Id.* at 555-56. Further, expressions of impatience, dissatisfaction, annoyance, and even anger, do

not establish bias or partiality and are within the bounds of what federal judges may sometimes

display. A judge's ordinary statements or actions in the administration of courtroom proceedings

do not establish impropriety or impartiality. *Id.*

The reasonableness test is "limited to outward manifestations and reasonable inferences

drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis

exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993, cited in *Nichols*,

71 F.3d at 351. " 'In conducting this review, we must ask how the[] factors would appear to be a

well-informed, thoughtful and objective observer,' who is 'an average member of the public' not

13

a 'hypersensitive, cynical, and suspicious person.' " *United States v. Woodmore*, 135 F.4th 861, 874 (10th Cir. 2025) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015). Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.*; *accord Greenspan*, 26 F.3d at 1006. Finally, § 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (further quotation omitted)), quoted in *Switzer*, 198 at 1258; *Nichols*, 71 F.3d at 351.

Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record. *See Nichols*, 71 F.3d at 351; *Bryce v. Episcopal Church*, 289 F.3d 648, 659-60 (10th Cir. 2002); *In re McCarthey*, 368 F.3d 1266, 1269-70 (10th Cir. 2004). A movant's factual allegations do not have to be taken as true. Further, under § 455 there is as much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix*, 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers*, 831 F.2d 937, 938-39 ) (10th Cir. 1987) (per curiam)); *accord Switzer*, 198 F.3d at 1257, *United States v. Greenspan*, 26 F.3d at 1005; *Cooley*, 1 F.3d at 993-94.

B.     **Plaintiff's Motion is Untimely, Fails to Cite Extraordinary Circumstances, and Fails to Demonstrate Bias or Impartiality**

Plaintiff's Motion to have this matter reassigned to a different magistrate judge fails under both of the statutes that address the circumstances under which the consent may be withdrawn or under which the magistrate judge may be recused from a matter. To begin,

14

Plaintiff filed his Motion after unfavorable orders were entered. As such, his Motion is untimely under 28 U.S.C. § 636(c)(4). *Carter*, 816 F.2d at 1021. Additionally, Plaintiff has failed to point to any extraordinary circumstances to support the withdrawal of his consent to the undersigned. Instead, Plaintiff's Motion reargues his motions to remand and to disqualify defense counsel, lodges unsupported accusations against the undersigned as the alleged basis for unfavorable rulings, and requests that the Court's November 5, 2025, and November 13, 2025, orders be vacated and presented anew to a different magistrate judge.[14][15] The Court, therefore, concludes that Plaintiff's Motion is not made in good faith and is dilatory and contrived in response to unfavorable rulings.

Plaintiff's Motion also fails when applying the standard for recusal pursuant to 28 U.S.C. § 455. In seeking the undersigned's recusal and/or disqualification, Plaintiff repeats the same accusations he has made in every case filed in federal court, *i.e., inter alia,* the Court is misrepresenting Plaintiff's arguments; the Court is colluding with defense counsel; the Court is intentionally discriminating and biased against Plaintiff because he is *pro se*; and the Court is knowingly disregarding and misapplying legal standards. Plaintiff's accusations are not new. Indeed, District Judge Herrera, in *Lowrey v. Portis*, addressed these same accusations in her May 7, 2025, Memorandum Opinion and Order:

> First, Plaintiff argues that the Court has engaged in intentional acts of pro se discrimination by, among others things, refusing to read his pro se complaint and pleadings with any degree of liberality, cherry-picking from among Plaintiff's facts and arguments, misconstruing the facts in the complaint, appearing to only consider arguments from defense counsel*, sua sponte* constructing arguments that benefit the RRPD Defendants, failing to apply the appropriate standards of review, failing to consider the merits of Plaintiff's complaint and cited cases, colluding with

---

[14] *See* fn. 9, *supra.*

[15] Plaintiff's recourse as to those orders, as advised in the Court's consent notice, is to file an appeal. *See* Doc. 5 (advising the parties that "[a]ppeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit.").

15

Defendants' attorneys to dismiss the case, and misapplying irrelevant case law. The Court has not colluded with defense counsel and has not discriminated against Plaintiff as a pro se party.

*Lowrey v. Portis*, 2025 WL 1331485, at *3 (May 7, 2025). Judge Herrera's summary and response to Plaintiff's accusations also included a footnote that states:

Plaintiff states that he has three civil cases in federal district court and asserts that he has been systematically discriminated against in each of the three cases. (Pl.'s Obj. 4, ECF No. 199.) As the Honorable Kea W. Riggs explained in rejecting a similar allegation of collusion, discrimination, and bias, "discontent with results does not equate to reversible error (or more sinisterly, imply discrimination against pro se litigations)." *Lowrey v. Collela*, No. 1:24cv00225-KWR-LF, Mem. Op. and Order Denying Plaintiff's Mot. to Reconsider 5, ECT No. 67 (D.N.M. Mar. 28, 2025).

*Id.* at *3, fn. 1. Notably, Plaintiff similarly questioned District Judge Herrera's impartiality and whether she should recuse herself in that case. *Id.* at *3.

Here, Plaintiff has failed to show that the undesigned judge is biased or that his impartiality might reasonably be questioned. Plaintiff has not shown any bias or prejudice from a source outside the judicial proceedings nor has he demonstrated that a reasonable factual basis exists for calling the undersigned's impartiality into question. Instead, Plaintiff's Motion addresses his displeasure with the Court's judicial rulings in this case and in Plaintiff's prior proceedings before the undersigned. Plaintiff's displeasure in the Court's rulings, however, is not a valid basis for a bias or partiality motion. *See Liteky*, 510 U.S. at 555. Nor are Plaintiff's unsupported, irrational, and recycled accusations, which he has made in every case filed in federal district court, a valid basis for recusal.

## IV. <u>CONCLUSION</u>

In sum, there is no factual or legal merit to Plaintiff's Motion. A judge has an obligation not to recuse when there is no occasion to do so. Furthermore, a judge should never recuse based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix*,

14 F.3d at 1501. Thus, in the absence of any basis for disqualification and consistent with the undersigned's obligations to continue to preside over this case, the Court denies Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reassignment to a Different Magistrate Judge is DENIED.

JOHN F. ROBBENHAAR
United States Magistrate Judge
Presiding by Consent