**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**JARROD LOWREY,**

      **Plaintiff,**

      **vs.**                                        **Civ. No. 25-849  JFR/LF**

**CITY OF RIO RANCHO,
RIO RANCHO PUBLIC SCHOOLS,
RIO RANCHO POLICE DEPARTMENT,
CONNIE PETERSON, in her official and individual capacities,
LORENZO GREEN, in his official and individual capacities,
NOAH TRUJILLO, in his official and individual capacities,
BRANDON MAEZ, in his official and individual capacities,
ELLIANA LURY, in her official and individual capacities,
MATT GEISEL, in his official and individual capacities,
JOSH RUBIN, in his official and individual capacities,
LAWRENCE SAMUEL, in his official and individual capacities,
MIKE McDERMOTT, in his private capacity as 3rd party conspirator,
TORENZO JOHNSON, in his private capacity as 3rd party conspirator,
STEPHEN SMITH, in his private capacity as 3rd party conspirator,
THERESA SMITH, in her private capacity as 3rd party conspirator,
MELISSA MONTOYA, in her private capacity as 3rd party conspirator,
ANA KUNY SLOCK, in her private capacity as 3rd party conspirator,
RAQUEL DeTOMASSO, in her private capacity as 3rd party conspirator,
BIANCA FISHER, in her private capacity as 3rd party conspirator,
MICHAEL FISHER, in his private capacity as 3rd party conspirator,
BOBBIE MARTINEZ, in her private capacity as 3rd party conspirator,**

      **Defendants.**


**<u>MEMORANDUM OPINION AND ORDER[1]</u>**

    **THIS MATTER** is before the Court on Defendants Rio Rancho Public Schools and

Bobbie Martinez's Motion to Strike Plaintiff's December 24, 2025, *Response to RRPS and*

*Bobbie Martinez's 12(B)6 (SIC) Motion to Dismiss* ("Motion to Strike"), filed January 7, 2026.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case.  Doc. 37.

Doc. 65.  On January 21, 2026, Plaintiff filed a Response.  Doc. 70.  On February 4, 2026, Defendants filed a Reply.  Doc. 73.  Having reviewed and considered the arguments presented in the briefing, the record of the case, and relevant case law, the Court finds the Motion is well taken and is **GRANTED**.

## I.  RELEVANT PROCEDURAL BACKGROUND

On July 28, 2025, Plaintiff filed a Complaint in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, against the City of Rio Rancho, Rio Rancho Public Schools ("RRPS"), Rio Rancho Police Department ("RRPD"), and eighteen individuals in their official, individual, and/or private third-party conspirator capacities.  Doc. 6 at 1-19.  On August 29, 2025, the case was removed to this Court based on Plaintiff's alleged violations of federal statutes and the United States Constitution over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Doc. 1.

On September 5, 2025, Defendants Rio Rancho Public Schools and Bobbie Martinez's filed an Opposed Motion to Dismiss Complaint ("Motion to Dismiss").  Doc. 9.  On September 22, 2025, Plaintiff filed a "Limited Response."  Doc. 22.  On October 6, 2025, Defendants filed a Reply.  Doc. 42.  On October 7, 2025, Defendants filed a Notice of Completion of Briefing.  Doc. 47.

On December 24, 2025, Plaintiff filed a "Full Response" to Defendants' Motion to Dismiss.  Doc. 61.

Defendants in turn filed the Motion to Strike now before the Court  requesting that Plaintiff's December 24, 2025, "Full Response" be stricken as improperly filed.

## II. LEGAL STANDARDS

### A. Applicable Federal Rules

#### 1. Fed. R. Civ. P. 6(b)(1)(B)

Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing if the party files a motion showing that the delay was the result of "excusable neglect." The determination whether a party has shown excusable neglect warranting an out-of-time extension is "an equitable one" based on "all relevant circumstances," including: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (construing the Bankruptcy Rules' counterpart to Rule 6(b)(1)(B), which at the time was Rule 6(b)(2)); *see also United States v. Torres,* 372 F.3d 1159, 1161-62 (10th Cir. 2004) (discussing the concept of excusable neglect); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying Pioneer's definition of "excusable neglect" in Rule 6(b) context). "The most important factor is the third" and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

The Tenth Circuit reviews a district court's decision whether to accept an untimely filing for abuse of discretion. *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005). The Tenth Circuit applies the same standard in reviewing an order striking a party's pleading as untimely. *In re Young*, 91 F.3d 1367, 1377 (10th Cir. 1996).

#### 2. Fed. R. Civ. P. 12(a) and (f)

Rule 12 provides in relevant part:

(a)   TIME TO SERVE A RESPONSIVE PLEADING. Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:

   (1)   *In General.*

      (A)   A defendant must serve an answer:

         (i)   within 21 days after being served with the summons and complaint; or

         (ii)   if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

      (B)   A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

      (C)   A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

. . .

   (4)   *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

      (A)   if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

      (B)   if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

. . .

(f)   MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   (1)   on its own; or

4

(2)     on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(a)(1) and (4), 12(f).

### B.     **Local Rules – Motion Practice**

Rule 7.4 of the Local Rules of Civil Procedure for the United States District Court

District of New Mexico states in pertinent part:

(a)     **Timing.**  A response must be served and filed within fourteen (14) calendar days after service of the motion.  A reply must be served and filed within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d) and may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period. An extension of briefing time must not interfere with established case management deadlines.

(b)     **Surreply.**  The filing of a surreply requires leave of the Court.

. . .

(e)     Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number.

D.N.M.LR-Civ. 7.4(a), (b) and (e).

Rule 7.3 provides:

(a)     A motion, response or reply must cite authority in support of the legal positions advanced.  Movant's authority  may be submitted in a separate brief filed and served contemporaneously with the motion.  . . .

D.N.M.LR-Div. 7.3(a).

Rule 7.1(b) states in pertinent part:

(b)     . . . The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.

D.N.M.LR-Civ. 7.1(b).

### III.  ARGUMENTS AND ANALYSIS

A.      **Arguments**

Defendants argue that Plaintiff fails to cite any legal authority that permitted him in the first instance to file a Limited Response to their motion to dismiss in lieu of a substantive response and to nearly eighty (80) days later, without seeking leave of the Court, file what Plaintiff characterizes as a Full Response.  Doc. 65 at 3-4.  Defendants argue that pursuant to D.N.M.LR-Civ. 7.4(b), "[t]he filing of a surreply requires leave of the Court."  *Id.*  Defendants also argue that Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Id.*  Defendants argue that Plaintiff "continues to pick and choose the rules to which he complies, in addition to making up his own rules along the way."  *Id.*  Defendants ask the Court to strike Plaintiff's untimely Full Response because it is improper, redundant, and addressing it would amount to a waste of time and resources for both counsel and the Court.  *Id.*

In his Response, Plaintiff contends that his December 24, 2025, Full Response is not meant to be a surreply and that Rule 12(f) does not apply because it authorizes striking matter only from a "pleading" and not from motion briefing.  Doc. 70 at 1.  Plaintiff contends that his Limited Response was a jurisdiction-preserving filing and not a merits opposition.  *Id.* at 2.  Plaintiff contends that his Limited Response was permitted because he was not required to fully respond to Defendants' Motion to Dismiss while jurisdiction remained contested.  *Id.* (citing *Steel Co. v. Citizens for a Better Environment*[2] and 28 U.S.C. § 1447(c)[3]).  Plaintiff also contends

---

[2] *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

[3] 28 U.S.C. § 1447(c) provides that:

that it was incumbent upon the Court to enter a new briefing schedule following its jurisdictional ruling but failed to do so. *Id.* at 4. Finally, Plaintiff contends that Defendants have not identified any concrete prejudice in allowing the filing of his Full Response beyond generalized assertions of inefficiency. *Id.* at 3. Plaintiff requests that the Court deny Defendants' Motion and allow Defendants a limited reply period in the interests of preserving Plaintiff's due process rights. *Id.* at 4.

In Reply, Defendants argue that the Court has the authority to strike any filing that is not allowed by local rule. Doc. 73 at 2. Defendants argue that here Plaintiff has cited no local rule, or any legal authority, that permitted him to file and serve a "limited jurisdiction-preserving response" within the time for doing so and then to later file a "full merits opposition response." *Id.* Defendants further argue that contrary to Plaintiff's assertion, the Court's jurisdiction was not in question at the time they filed their Motion to Dismiss or at the time Plaintiff's response was due. *Id.* at 4. Defendants argue that although a showing of prejudice is not required, Defendants are prejudiced by having to respond to Plaintiff's multiple and improper filings. *Id.* Defendants ask that the Court grant their Motion to strike Plaintiff's second and untimely Full Response.

---

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

**B.**      **Analysis**

On July 28, 2025, Plaintiff filed this case in state court which Defendants removed on

August 29, 2025, based on federal question jurisdiction.  Within days of removal, on

September 5, 2025, Defendants Rio Rancho Public Schools and Bobbie Martinez filed their

Motion to Dismiss.  Doc. 9.  Three days later, on September 8, 2025, Plaintiff filed an

Emergency Motion to Remand arguing, *inter alia*, certain procedural defects in the removal

process warranting remand.[4]  Doc. 16.

On September 22, 2025, Plaintiff filed what he characterized as a "Limited Response" to

Defendants' Opposed Motion to Dismiss.  Doc. 22.  Therein, Plaintiff acknowledged the

requirements of the District's Local Rules of Civil Procedure with respect to the required timing

for serving a motion response and the consequences for failing to do so.  Doc. 22 at 1 (citing

D.N.M.LR-Civ. 7.1(b)).   Plaintiff explained he filed a Limited Response because:

> jurisdictional matters must be resolved first because they determine whether this
> Court has the authority to proceed at all.  Until these threshold issues are decided,
> any consideration of the Motions to Dismiss would be premature and contrary to
> federal law.

*Id.* at 1.  Plaintiff noted the filing of his remand motion alleging certain procedural defects in

removal, along with his motion to disqualify defense counsel,[5] and asserted that these motions

"must be resolved" before Defendants' motion can be considered.  *Id.* at 1-2.  Plaintiff broadly

asserted he disputed Defendants' Motion to Dismiss in its entirety because it relied on contested

factual assertions outside the pleadings and ignored that his factual allegations must be accepted

---

[4] On November 5, 2025, the Court entered an Order Denying Emergency Motion to Remand and Issuing Warning Regarding Possible Sanctions.  Doc. 48.

[5] Prior to removal, Plaintiff filed a motion seeking to disqualify defense counsel representing Defendant City of Rio Rancho from also representing individually named defendants in their personal capacities.  Doc. 6.  On November 13, 2025, the Court entered an Order Denying Plaintiff's Motion to Disqualify City Attorney From Representing Individual Defendants In Their Personal Capacities.  Doc. 49.

as true at this stage. *Id.* at 3.  Plaintiff asserted that he was preserving all jurisdictional objections and that if the Court were to determine that removal was proper and jurisdiction exists that the Court should set a separate briefing schedule to allow "full and proper merits briefing." *Id.* at 4. Plaintiff declared that his Limited Response was "filed purely to prevent default and to preserve [his] rights." *Id.* at 3.

On October 6, 2025, Defendants filed their Reply.  Doc. 42.  On October 7, 2025, Defendants filed a Notice of Completion of Briefing.  Doc. 47.

Then, on December 24, 2025 - *ninety-three days after* Plaintiff filed his Limited Response, *seventy-eight days after* the Notice of Completion of Briefing (Doc. 47) was filed, *forty-nine days after* the Court denied Plaintiff's Emergency Motion to Remand (Doc. 48), and *without seeking leave or obtaining permission of the Court* – Plaintiff filed a "Full Response." Doc. 61.  Plaintiff explained:

> . . . Now that the Court has insisted it has jurisdiction, despite Plaintiff's cited case law showing that all Defendant's [sic] have not satisfied their burden of a perfected removal and unwaived objections thereof, Plaintiff's [sic] now fulfills his promise that he would file a full response to the above said motions.
>
> Plaintiff would also like to remind the Court that he asked the Court to issue a scheduling order for the 12(b)6 briefs in his limited response after the decision on the motion to remand, but as of yet the Court has ignored that request entirely.  . . . .

*Id.* at 1.

For the reasons discussed below, the Court grants Defendants' Motion.

### 1.       **The Court Acquired Jurisdiction At The Time of Removal**

Plaintiff's jurisdictional argument to support filing his Limited Response in the first instance and untimely Full Response after briefing was complete is misplaced.[6]  This Court

---

[6] Plaintiff relies on *Steel Co.* to invoke the fundamental principle that a court cannot proceed on the merits of a case without jurisdiction.  Doc. 22 at 1.  The Supreme Court in *Steel Co.* discussed the necessity of establishing jurisdiction before addressing the merits in the context of issues that focused on whether a particular federal environmental statute

acquired jurisdiction at the time of removal.  Removal is effective upon filing a notice of removal in both the relevant federal and state courts, and providing notice to the other parties. 28 U.S.C. § 1446(a), (d).  "A proper filing of a notice of removal immediately strips the state court of its jurisdiction." *Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 754 (4th Cir.1996).  Removal divests the state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court.  *Bruley v. Lincoln Property Co., N.C., Inc.,*140 F.R.D. 452 (D. Colo., 1991) (Removal of a state action to federal court immediately divests state court of jurisdiction) (citing 28 U.S.C. § 1446)).  At that time, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  Even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court.  *See Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1009 (D.N.M. 2016) (citing *In re Diet Drugs,* 282 F.3d 220, 232 n. 6 (3d Cir. 2002) ("[E]ven if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it.")).

### 2.      Plaintiff Did Not Seek Leave to File a Surreply

This Court's Local Rules contemplate that briefing on a motion will consist of the motion, a response, and a reply.  D.N.M.LR-Civ. 7.1(b), 7.4(a).  Then, upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number.  D.N.M.LR-Civ. 7.4(e).  Defendants did so here.  Doc. 46.  For a nonmovant to submit additional argument requires leave

---

conferred federal jurisdiction over citizen suits for past violations and whether, in the absence of the relief sought providing a remedy to the alleged injury in fact, plaintiff had standing to bring the action.  523 U.S. at 83.  *Steel Co.* does not discuss or address jurisdictional issues related to removal or remand in the face of alleged procedural defects, nor does it discuss or address the staying and/or suspending of motions practice pending resolution of a motion to remand, nor does it provide permission to or support for ignoring and/or disavowing compliance with federal and local rules of procedure pending resolution of a motion to remand.

of the Court.  D.N.M.LR-Civ. 7.4(b) ("[t]he filing of a surreply requires leave of the Court."[7]);

*see also Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1180

(D.N.M. 2015) ("A surreply is appropriate and should be allowed where new arguments are

raised in a reply brief.") (internal quotation marks and citation omitted).  Plaintiff did not do so

here.  The Court acknowledges that Plaintiff disputes his Full Response is a surreply.

Regardless, Plaintiff filed his Limited Response to Defendants' Motion to Dismiss and did not

obtain leave of the Court as required by local rules to submit additional argument after the

briefing was complete.  Moreover, Plaintiff's explanations for submitting his second Full

Response are without legal merit.  The Court, therefore, may and does strike Plaintiff's Full

Response for his failure to comply with the Court's local rules.  *See Bunn v. Perdue*, 966 F.3d

1094, 1099 (10th Cir. 2020) ("a [c]ourt may choose to strike a filing that is not allowed by local

rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002)

(unpublished) (upholding district court's decision to strike filing based on local rules); *In re*

*Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting

"it was well within the discretion of the district court to strike" briefs that did not comply with

local rules)").

### 3.   Plaintiff Has Not Demonstrated Excusable Neglect

The Court is not prepared to accept Plaintiff's Full Response on the basis of excusable

neglect.  Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late

filing if the party files a motion showing that the delay was the result of "excusable neglect."

Here, even if the Court were to consider Plaintiff's Full Response as a late filing, Plaintiff did not

---

[7] See https://definitions.uslegal.com/s/sur-reply/ - defining surreply as an additional reply to a motion filed after the motion has already been fully briefed.

11

file a motion seeking leave to make his late filing as required by Fed. R. Civ. P. 6(b)(1)(B).  Nor has Plaintiff made a showing that his delay was the result of "excusable neglect." *Id.*  To the contrary, Plaintiff filed his Limited Response thereby demonstrating that it was within Plaintiff's control to submit a timely and meaningful response to Defendants' Motion to Dismiss.  Plaintiff nonetheless chose not to do so.  Additionally, Plaintiff's only explanations for filing a second Full Response more than two and a half months after briefing was complete are a lukewarm concession regarding the Court's jurisdiction *i.e.,* "[n]ow that the Court has insisted it has jurisdiction . . . ," and Plaintiff's unfounded reliance on waiting for an improperly requested briefing schedule he believes the Court should have but failed to enter after it ruled on his remand motion, *i.e.,* "Plaintiff would also like to remind the Court . . . ."  Doc. 61 at 1.  In sum, the Court concludes that the circumstances of Plaintiff's filing of his Full Response along with his explanations for doing so are inadequate to establish excusable neglect.  *Perez*, 847 F.3d at 1253.  The Court, therefore, in its discretion will not accept Plaintiff's Full Response to Defendants' Motion to Dismiss as a late filing.

### 4.    *Pro Se* Plaintiff Is Aware of His Obligations

Plaintiff, a seasoned *pro se* litigant, is well aware of his responsibilities and obligations to comply with the federal and local rules of procedure in these proceedings and of the potential consequences for choosing to ignore them.[8]  Indeed, in filing his Limited Response Plaintiff

---

[8] Plaintiff has had four other cases in this Court in which he has been advised of his responsibilities and obligations to comply with federal and local rules of procedure and has been repeatedly warned regarding his failure to comply therewith.  *See Lowrey v. Sandoval County Children Youth and Families Department et al.*, USDC NM Civ. No. 22-565 DHU/LF (advising Plaintiff of his responsibility to be familiar with and comply with federal and local rules and his obligations pursuant to Rule 11 (Doc. 6 at 4-5) and ultimately dismissing Plaintiff's Complaint for Plaintiff's willful failure to comply with an order to file a second amended complaint not exceeding 35 pages (Doc. 34)); *Lowrey v. Portis et al*, USDC NM Civ. No. 23-372 JCH/JFR (advising Plaintiff of his responsibility to be familiar with and comply with federal and local rules and his obligations pursuant to Rule 11(Doc. 16 at 4-5); reminding Plaintiff that he is expected to comply with Court orders and rules of procedures (Docs. 40 at 3, 82 at 1); entering a Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings (Doc. 185); cautioning Plaintiff regarding sanctions in response to Plaintiff's continued failure to adhere to the rules of professional conduct (Doc.

acknowledged his obligation pursuant to local rules of civil procedure to file a response or risk having Defendants' Motion to Dismiss deemed unopposed.  Doc. 61 at 1.  Plaintiff nonetheless explained that he filed his Limited Response essentially as a placeholder because addressing the merits of Defendants' Motion to Dismiss was "premature and contrary to federal law" until such time as his pending motions challenging jurisdiction and defense counsel's authority to represent certain individual defendants were resolved.  Plaintiff's explanation, however, has no legal basis, is in blatant disregard of the rules, and amounts to little more than a manufactured legal theory of Plaintiff's own making and an attempt to reconfigure the procedural rules to suit Plaintiff's interests and delay a timely and meaningful response.  This is not acceptable.  To be clear, Plaintiff's application of and compliance with federal and local rules of civil procedure in the proceedings before this Court are not at his discretion.  *See Pettie v. Saxon Mortg. Servs.*, 2009 WL 454951, at *1 (W.D. Wash. Feb. 20, 2009) ("It is certainly true that pro se plaintiffs should not, and will not, be allowed to trample roughshod over the Court's rules.").

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Strike (Doc. 65) is well taken and is **GRANTED.**

**IT IS THEREFORE ORDERED** that Plaintiff's *Response to RRPS and Bobbie Martinez's 12(b)6 Motion to Dismiss* (Doc. 61) is **STRICKEN**.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

196 at 15-16)); *Lowrey v. Mosley et al.*, USDC NM Civ. No. 23-868 JB/JMR (explaining law regarding pro se litigants) (Doc. 50 at 3)); *Lowrey v. Collela et al.*, USDC NM Civ. No. 24-225 KWR/LF (explaining legal standard for pro se parties and denying motions to reconsider where Plaintiff has not complied with any of the federal and local rules or governing case law) (Doc. 67 at 3, 11; Doc. 68 at 3, 12)).